**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MASTER SLACK and/or Master Trousers Corp., et al., Respondents.**

No. 77–1641.

United States Court of Appeals, Sixth Circuit.

March 20, 1980.

7

Elliott Moore, Deputy Associate General Counsel, N. L. R. B., Jay Shanklin, Mary Schuette, Washington, D. C., Raymond A. Jacobson, Director Region 26, N. L. R. B., Memphis, Tenn., for petitioner.

Yelverton Cowherd, W. Kirby Bowling, Bowling & Jackson, Memphis, Tenn., for respondents.

Before KENNEDY, MARTIN and JONES, Circuit Judges.

## ORDER

The National Labor Relations Board (NLRB) petitions for enforcement of its decision and order, which found violations of Sections 8(a)(1), (3) and (5) of the National Labor Relations Act and which granted injunctive and affirmative relief.

The Amalgamated Clothing Workers of America (ACWA) won a representation election at respondent Hardeman Garment Corporation (Hardeman), a clothing manufacturer in Bolivar, Tennessee. Hardeman is a subsidiary of respondent Master Slack and/or Master Trousers Corp., as are respondents Morehouse Garment Corp., Lauderdale Garment Corp., and Lobelville Garment Corp. All the alleged unfair labor practices occurred at Hardeman. After the election, Hardeman filed objections contesting its validity. The Regional Director investigated the objections and recommended denying them in total. Hardeman filed exceptions to the Regional Director's report; however, the NLRB adopted the Regional Director's report and certified ACWA. Hardeman's motion to reopen the record in the representation proceeding and to revoke certification was denied. Thereafter

Hardeman refused to bargain with ACWA and unilaterally changed some conditions of employment. By its refusal to bargain, Hardeman seeks to obtain judicial review of the validity of the election. Hardeman also challenges several NLRB procedures as violating due process.

■ Hardeman challenges the representation election on four grounds: 1) union-created atmosphere of fear and coercion; 2) material misrepresentations by a union representative; 3) unlawful union promise of a waiver of initiation fees; and 4) racial and sex discrimination by the union in its membership and officers. As to the first two grounds, we hold that the NLRB correctly ruled that Hardeman had not met its burden of proof. *NLRB v. Bostik Division, USM Corp.*, 517 F.2d 971 (6th Cir. 1975). Though Hardeman raises a valid objection with respect to the union's promise of a waiver of initiation fees, *NLRB v. Savair Mfg. Co.*, 470 F.2d 305 (6th Cir. 1972), *aff'd* 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973), the NLRB refused to reopen the record of the representation proceedings in order to hear this objection. Because Hardeman was very delinquent in making this objection and because the law at least in this circuit on such a promise was clear at the time of the representation hearing, we hold that the NLRB did not abuse its discretion in refusing to reopen the record. Finally, Hardeman completely failed to meet its burden of proof on racial and sex discrimination by the union. *NLRB v. Sumter Plywood Corp.*, 535 F.2d 917 (5th Cir. 1976), *cert. den.*, 429 U.S. 1092, 97 S.Ct. 1105, 51 L.Ed.2d 538 (1977).

■ We have fully considered Hardeman's due process arguments and find them meritless. A hearing was not required on Hardeman's exceptions to the Regional Director's report on the election, because Hardeman did not raise substantial and material factual issues. *NLRB v. Basic Wire Products, Inc.*, 516 F.2d 261 (6th Cir. 1975). The NLRB correctly refused at the unfair labor practice hearing to hear evidence of Hardeman's objections to the election, because Hardeman did not offer any newly discovered evidence. *NLRB v. Brush-Moore Newspapers, Inc.*, 413 F.2d 809 (6th Cir. 1969), *cert. den.*, 396 U.S. 1002, 90 S.Ct. 555, 24 L.Ed.2d 495 (1970). Finally, Hardeman had no right to see the affidavits of the NLRB's witnesses until after direct examination. *NLRB v. Automotive Textile Products*, 422 F.2d 1255 (6th Cir. 1970).

■ Hardeman contests the NLRB's finding that it violated Section 8(a)(3) by laying off the entire night shift in the pressing department three days before the election and by discharging eight employees within three months after the election through a new policy of strictly enforcing the rules on tardiness and absenteeism. Upon review of the entire record, we find that substantial evidence supports the NLRB's decision and order on these violations.

■ Respondents appeal the NLRB's joining of Master Slack, the parent corporation, and three other subsidiaries, all clothing manufacturers, as defendants for purposes of the back pay awards only. Such joinder is appropriate where the NLRB meets the "single enterprise" test, that is, shows common ownership and control, a centralized labor policy, common management, and interrelated operations of the companies. *NLRB v. Winn-Dixie Stores, Inc.*, 341 F.2d 750 (6th Cir. 1965), *cert. den.*, 382 U.S. 830, 86 S.Ct. 69, 15 L.Ed.2d 74 (1965). Substantial evidence justifies the NLRB's findings and order of joinder.

Accordingly, the order of the NLRB is enforced.