VAN DORN PLASTIC MACHINERY
COMPANY, Petitioner–Cross
Respondent,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent–Cross
Petitioner.

Nos. 87–6359 and 88–5128.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 7, 1988.

Decided Aug. 1, 1989.

Keith A. Ashmus, argued, Gregory A. Jacobs, Thompson, Hine & Flory, James A. Marx, Cleveland, Ohio, for petitioner-cross respondent.

Aileen A. Armstrong, John C. Truesdale, Executive Secretary, N.L.R.B., Washington, D.C., Paul Spielberg, Christopher Young, argued, Frederick C. Calatrello, N.L.R.B., Region 8, Cleveland, Ohio, for respondent-cross petitioner.

Before: KENNEDY, KRUPANSKY and BOGGS, Circuit Judges.

KRUPANSKY, Circuit Judge.

The petitioner-appellant, Van Dorn Plastic Machinery Company (Van Dorn), has appealed a decision and order of the National Labor Relations Board (Board), reported at 286 N.L.R.B. No. 117, 128 L.R. R.M. (BNA) 1265, 1987-88 NLRB Dec. (CCH) ¶ 19,112 (1987), which concluded that Van Dorn had violated sections 8(a)(5) and (1) of the National Labor Relations Act by unilaterally changing the paid lunch period offered to specific union employees and ordered Van Dorn to pay back wages as a result of this violation. The NLRB, respondent-cross petitioner, has applied to this court for enforcement of its decision and order.

On December 14, 1982, the Board had ordered Van Dorn to bargain with District 54 of the International Association of Machinists and Aerospace Workers (Union) as the duly elected representative of the majority of Van Dorn's production and maintenance employees and to desist, *inter alia*, from interrogating employees and informing them that it would not recognize the Union as their bargaining agent in violation of section 8(a)(1) of the National Labor Relations Act (Act), 29 U.S.C. § 158(a)(1); from refusing to bargain with the duly certified representative of its production and maintenance employees in violation of section 8(a)(5) of the Act, 29 U.S.C. § 158(a)(5); and from unilaterally abolishing a paid lunch period afforded to some thirty-five employees in violation of section 8(a)(5) of the Act, 29 U.S.C. § 158(a)(5). On appeal, this court affirmed the Board's decision on all issues with the exception of

the issue joined in the instant appeal. *Van Dorn Plastic Mach. Co. v. N.L.R.B.,* 736 F.2d 343 (6th Cir.1984), *enforcing in part, remanding in part,* 265 N.L.R.B. 864, 112 L.R.R.M. (BNA) 1408, 1982–83 NLRB Dec. (CCH) ¶ 15,496 (1982), *cert. denied,* 469 U.S. 1208, 105 S.Ct. 1173, 84 L.Ed.2d 323 (1985).

Upon considering Van Dorn's justification for unilaterally changing the working conditions here in controversy, ostensibly as a "business necessity," and the Board's narrowly interpreted distinction between that stipulated term and the term "compelling economic considerations," this court on the initial appeal was prompted to remand the case to the Board with the following comments:

> Prior to certification but after the election Van Dorn eliminated paid lunch periods for approximately 35 employees without offering to bargain on this issue with the Union. At the initial administrative hearing on the complaint, General Counsel for the Board and Van Dorn's counsel stipulated in writing that the change was made "due to business necessity." Van Dorn agrees that its paid lunch policy is "a condition of employment" and that it acted unilaterally. However, it takes the position that the stipulation brought it within a recognized exception to the bargaining requirement, which permits unilateral changes based on "compelling economic considerations." *See Mike O'Connor Chevrolet–Buick–GMC Co., Inc.,* 209 NLRB 701, 703 (1974), *enf. denied on other grounds,* 512 F.2d 684 (8th Cir.1975). The ALJ construed the stipulated reason for the change in lunch policy—"business necessity"—as the equivalent of "compelling economic considerations." Thus, he excused Van Dorn from bargaining on the change, while requiring it to bargain on the effects of the change.

> The Board found that the stipulation did not satisfy the "compelling economic considerations" exception. On appeal Van Dorn argues that the stipulation was binding, and giving the words their ordinary meaning, clearly brought its action within the exception. It is not clear

from this record what the parties intended when they entered into the stipulation. However, a stipulation once entered into should be construed to give it legal effect. *National Audubon Society, Inc. v. Watt,* 678 F.2d 299, 307 (D.C. Cir.1982). A remand is necessary to determine the correct interpretation of the stipulation. Van Dorn proceeded on the assumption that the stipulation relieved it of the duty to justify its failure to bargain on the change in lunch periods. The ALJ so construed the stipulation. If the stipulation is found to be ambiguous the Board must consider extrinsic evidence of the intention of the parties in entering into it. If the Board finds from such evidence that no agreement was actually reached and that the stipulation is a nullity, then fairness requires that Van Dorn be given an opportunity to establish "compelling economic considerations." In considering this question the Board would be required to categorize the lunch period action within the holding of *First Nat'l Maintenance Corp.,* 452 U.S. 666, 101 S.Ct. 2573, 69 L.Ed.2d 318 [ (1981) ] (a decision which is "almost exclusively 'an aspect of the relationship' between employer and employee" must be bargained but a decision which only has an "indirect and attenuated impact on the relationship" or is. made to preserve the business and involves a fundamental change in scope or directions need not be bargained).

*Van Dorn Plastic Mach. Co. v. N.L.R.B.,* 736 F.2d at 348–49.

The case was submitted for remand disposition by the Board. Van Dorn moved for summary judgment, arguing that the term "business necessity" was the equivalent of "compelling economic considerations" and, accordingly, it was entitled to judgment as a matter of law. On January 2, 1987, the Board denied Van Dorn's motion, and instead concluded that the affidavits submitted by the parties demonstrated that there had been no meeting of the minds between Van Dorn and the General Counsel as to the intended meaning of the term "business necessity." The Board

thereupon referred the matter to an Administrative Law Judge (ALJ) for further proceedings, pursuant to this court's instructions in *Van Dorn Plastic Mach. Co.,* to afford Van Dorn the opportunity to demonstrate that "compelling economic considerations" had justified the unilateral change in the paid lunch policy.

After conducting hearings and considering the evidence presented by the parties, the ALJ determined that Van Dorn had proved no "compelling economic considerations" which would have justified its decision to eliminate the paid lunch policy of its thirty-five affected employees. The Board adopted the findings of the ALJ and concluded that Van Dorn had violated its duty to bargain by unilaterally altering its paid lunch policy. The Board thereupon entered an order requiring Van Dorn to restore the paid lunch policy upon the Union's request and to cease and desist from such unfair labor practices. The Board further directed Van Dorn to reimburse the involved thirty-five employees their back wages accrued from October 7, 1976, the date it had implemented the controversial lunch policy, until such time as Van Dorn had bargained in good faith with the union to resolve the issue. The order also required Van Dorn to post an appropriate notice detailing the above described violation.

Van Dorn filed a timely petition for review of the Board's order; the Board filed a timely cross petition for enforcement of its order.

On appeal, Van Dorn has argued that the Board erred in concluding that the stipulation between Van Dorn and the General Counsel interpreting the term "business necessity" was a nullity because there had been no meeting of the minds. "Interpretation of the stipulation is primarily a matter of ascertaining the intent of the parties. The intent of the parties in turn is a question of fact to be determined by the district court based on the evidence before it." *WO Co. v. Benjamin Franklin Corp.,* 562 F.2d 1339, 1344 (1st Cir.1977); *cf. N.L.R.B. v. International Credit Serv.,* 651 F.2d 1172, 1173–74 (6th Cir.1981) (published order) ("The existence of an agreement is a question of fact...."); *N.L.R.B. v. Truckdrivers, Chauffeurs & Helpers, Local Union No. 100,* 532 F.2d 569, 571 (6th Cir.) ("Whether or not an agreement has been reached between the parties is a question of fact for the Board to determine...."), *cert. denied,* 429 U.S. 859, 97 S.Ct. 160, 50 L.Ed.2d 137 (1976). "[S]tipulations, like other contracts, must be interpreted in light of the circumstances under which the agreement was made." *National Audubon Soc'y, Inc. v. Watt,* 678 F.2d 299, 307 (D.C.Cir.1982) (same), *cited in Van Dorn Mach. Co.,* 736 F.2d at 349; *Rice v. Glad Hands, Inc.,* 750 F.2d 434, 438 (5th Cir. 1985) (citing *Chouest v. A & P Boat Rentals, Inc.,* 472 F.2d 1026, 1028–29 (5th Cir.), *cert. denied sub nom. Travelers Ins. Co. v. Chouest,* 412 U.S. 949, 93 S.Ct. 3012, 37 L.Ed.2d 1002 (1973)). *See generally* 3 A. Corbin, *Corbin on Contracts,* § 545, at 164 (1960).

> Statements by one party to the other as to the meaning of words or as to the terms of agreement, made in the course of their preliminary negotiation, are relevant and admissible to show what each of them had reason to understand by the words eventually embalmed in the "integration".... If they show that no common meaning was given to the words ..., the only remedy to be granted is refusal of enforcement....

3 A. Corbin, *Corbin on Contracts* § 543, at 138 n. 89 (1960); *see also* 1 *id.* §§ 106 & 107 (1963).

In the instant case, the NLRB, pursuant to the instructions from this court, considered the affidavits of Van Dorn's legal counsel and the General Counsel for the NLRB, and concluded that they failed to evidence a meeting of the minds as to the meaning of the stipulation "business necessity," since the affidavits were in conflict and incapable of interpretation. "The judicial review provisions of the Act ... are explicit and provide that the Board's factual determinations 'shall be conclusive' if, upon the entire record they are supported by substantial evidence." *Union Carbide Corp. v. N.L.R.B.,* 714 F.2d 657, 660 (6th Cir.1983) (quoting 29 U.S.C. § 160(e)) (citations omitted); *accord Universal Camera*

*Corp. v. N.L.R.B.*, 340 U.S. 474, 488, 491, 71 S.Ct. 456, 465, 466, 95 L.Ed. 456 (1951); *Wright Tool Co. v. N.L.R.B.*, 854 F.2d 812, 814 (6th Cir.1988) (per curiam). Accordingly, because there was substantial evidence in the case at bar to support the Board's conclusion "that no agreement was actually reached and that the stipulation [was] a nullity," *Van Dorn*, 736 F.2d at 349, the petitioner's assignment of error is without merit. *Compare In re Nicholson Industries, Inc.*, 73 B.R. 266, 269 (Bankr.N.D. Ohio 1987) (Where the evidence presented indicated "that the parties had different intentions regarding the effect of the stipulation," the court concluded that "the parties did not have a meeting of the minds," and that "[t]he stipulation [was] not ... binding and enforceable.").

▮▮▮ Van Dorn has also suggested that the ALJ erred in refusing to permit Van Dorn, upon remand to the ALJ from the Board's January 2, 1987 decision, to introduce additional testimony regarding its understanding as to the meaning of the controversial stipulation. However, the proffered testimony was not probative since it failed to demonstrate the General Counsel's understanding of the stipulation. Furthermore, because Van Dorn had failed to timely file a motion with the Board for reconsideration of its decision that the stipulation was a nullity, it failed to preserve that issue for appellate judicial review.

> [R]espondent failed to file a petition for reconsideration as permitted by Board Rules and Regulations, ... that provides that any material error in the Board's decision may be asserted through a motion for "reconsideration, rehearing or reopening of the record." Respondent therefore cannot assert its objection on appeal "unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e). Respondent did not suggest any "extraordinary circumstances" [and, accordingly,] [t]he objection therefore may not be considered.

*International Ladies' Garment Workers Union v. Quality Mfg. Co.*, 420 U.S. 276, 281 n. 3, 95 S.Ct. 972, 975 n. 3, 43 L.Ed.2d 189 (1975) (citations omitted). Van Dorn has responded by charging that a motion for reconsideration with the Board would have been futile because the Board was unlikely to have granted it. The argument is also without merit.

> [B]ecause of the availability of a rehearing before the Board, the Board's sua sponte [determination that the stipulation was a legal nullity] is not a *statutory* extraordinary circumstance. Although the sua sponte decision did prevent presentation of the objections to the Board before its decision, it did not prevent their presentation to the Board in a petition for rehearing or reconsideration. Had the Company filed a motion for rehearing, we could have reviewed the application of the Board's expertise to this aspect of the controversy. Because the Company did not so move, we are precluded from considering its objections now.

*N.L.R.B. v. Allied Prods. Corp.*, 629 F.2d 1167, 1171–72 (6th Cir.1980) (Edwards, C.J., opinion) (quoting *N.L.R.B. v. Allied Prods. Corp.*, 548 F.2d 644, 653–54 (6th Cir.1977) (emphasis in original)); *id.* at 1174 (Merritt, J., concurring) ("The Company could have filed an objection to the Board's *sua sponte* action by way of a motion for reconsideration, but did not do so. Thus 29 U.S.C. § 160(e) precluded considering these objections.") (footnote omitted); *compare N.L.R.B. v. Newtown Corp.*, 819 F.2d 677, 678 (6th Cir.1987); *Larand Leisurelies, Inc. v. N.L.R.B.*, 523 F.2d 814, 819–20 (6th Cir. 1975).

▮▮ Alternatively, Van Dorn has challenged the Board's determination that the decision to eliminate the paid lunch policy constituted a mandatory bargaining issue under the terms of the National Labor Relations Act, subject to mandatory negotiation with the union prior to the institution of any modifications. As this court noted in its earlier decision, "[a] unilateral change with respect to a *mandatory* bargaining subject is a violation of section 8(a)(5)." *Van Dorn Plastic Mach. Co.*, 736 F.2d at 348 (citing *First Nat'l Maintenance Corp. v. N.L.R.B.*, 452 U.S. 666, 674–75, 101 S.Ct. 2573, 2578–79, 69 L.Ed.2d 318 (1981) and

*N.L.R.B. v. Allied Prods. Corp.*, 548 F.2d 644, 652 (6th Cir.1977)) (emphasis added); *accord N.L.R.B. v. Plymouth Stamping Div., Eltec Corp.*, 870 F.2d 1112, 1115 (6th Cir.1989) ("A refusal to bargain over a proper subject of *mandatory* bargaining violates the Congressionally created duty and may be remedied by Board order.") (citing *N.L.R.B. v. Katz*, 369 U.S. 736, 82 S.Ct. 1107, 8 L.Ed.2d 230 (1962)) (emphasis added). Accordingly, pursuant to this court's specific directive in *Van Dorn Plastic Mach. Co.*, 736 F.2d at 349, on remand the Board examined this precise issue in light of the Supreme Court's pronouncements in *First Nat'l Maintenance Corp. v. N.L.R.B.*, 452 U.S. 666, 101 S.Ct. 2573, 69 L.Ed.2d 318 (1981).

In *First Nat'l Maintenance Corp.*, the Supreme Court indicated that an employer could unilaterally alter the conditions of employment in cases where the decision "involv[ed] a change in the scope and direction of the enterprise, ... akin to the decision whether to be in business at all, [and] 'not in [itself] primarily about conditions of employment, though the effect of the decision may be necessarily to terminate employment.'" *First Nat'l Maintenance Corp.*, 452 U.S. at 677, 101 S.Ct. at 2580 (quoting *Fibreboard Paper Prod. Corp. v. N.L.R.B.*, 379 U.S. 203, 223, 85 S.Ct. 398, 409, 13 L.Ed.2d 233 (1964) (Stewart, J., concurring)); *accord Plymouth Stamping Div., Eltec Corp.*, 870 F.2d at 1115. In contrast, "[o]ther management decisions, such as the order of [sic] succession of layoffs and recalls, production quotas, and work rules, are almost exclusively 'an aspect of the relationship' between employer and employee" and consequently cannot be altered unilaterally. *First Nat'l Maintenance Corp.*, 452 U.S. at 677, 101 S.Ct. at 2580 (quoting *Chemical & Alkali Workers v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 178, 92 S.Ct. 383, 397, 30 L.Ed.2d 341 (1971)); *accord Plymouth Stamping Div., Eltec Corp.*, 870 F.2d at 1115. The Court therefore concluded that "a desire to reduce labor costs" did not necessarily constitute a matter which could be altered unilaterally. *First Nat'l Maintenance Corp.*, 452 U.S. at 680, 101 S.Ct. at 2581. "The Company's decision ... did not alter the Company's basic operation.... Therefore, to require the employer to bargain about the matter would not significantly abridge his freedom to manage the business." *Id.* at 679–80, 101 S.Ct. at 2581 (quoting *Fibreboard Paper Prod. Corp.*, 379 U.S. at 213, 85 S.Ct. at 404); *accord Plymouth Stamping Div., Eltec Corp.*, 870 F.2d at 1115 ("[Not] every decision motivated by a concern for economic profitability [is] beyond the scope of the duty to bargain.").

In the instant case, the Board rejected Van Dorn's argument that its decision to eliminate the paid lunch program constituted a policy decision affecting its basic operations, concluding instead that the basic rationale underlying Van Dorn's decision to abandon the paid lunch policy did not involve a "change in the scope and direction of the enterprise, ... akin to the decision whether to be in business at all," *First Nat'l Maintenance Corp.*, 452 U.S. at 677, 101 S.Ct. at 2580, but rather affected the hours and wages of employees and, pursuant to the teachings of *First Nat'l Maintenance Corp.*, and its progeny, was subject to mandatory bargaining. Accordingly, the Board did not err in concluding that Van Dorn was mandated to bargain with the union before it elected to make a modification of the paid lunch policy. *Compare Plymouth Stamping Div., Eltec Corp.*, 870 F.2d at 1115 ("[T]he Board's decision as to exactly which disputes are mandatory bargaining subjects is entitled to 'considerable deference.'") (quoting *N.L.R.B. v. Production Molded Plastics, Inc.*, 604 F.2d 451, 453 (6th Cir.1979) (quoting *Ford Motor Co. v. N.L.R.B.*, 441 U.S. 488, 495, 99 S.Ct. 1842, 1848, 60 L.Ed.2d 420 (1979))).

Van Dorn has also charged that the Board erroneously concluded that it had failed to satisfy its burden of demonstrating that the elimination of the paid lunch period was excluded from bargaining procedures because the policy was adopted as a result of "compelling economic considerations." *Van Dorn Plastic Mach. Co.*, 736 F.2d at 349 (citing *Mike O'Connor Chevrolet, Buick, GMC Co., Inc.*, 209 N.L.R.B.

701, 85 L.R.R.M. 1419, 1974 NLRB Dec. (CCH) ¶ 26,312 (1974), *enforcement denied on other grounds*, 512 F.2d 684 (8th Cir. 1975)); *accord N.L.R.B. v. McCann Steel Co.*, 448 F.2d 277, 279 (6th Cir.1971); *see also N.L.R.B. v. Westinghouse Broadcasting & Cable, Inc. (WBZ–TV)*, 849 F.2d 15, 20–22 (1st Cir.1988); *N.L.R.B. v. Sandpiper Convalescent Center*, 824 F.2d 318, 320–21 (4th Cir.1987); *Fugazy Continental Corp. v. N.L.R.B.*, 725 F.2d 1416, 1421 (D.C.Cir.1984) (per curiam); *Sundstrand Heat Transfer, Inc. v. N.L.R.B.*, 538 F.2d 1257, 1259 (7th Cir.1976). "The Board's application of the law to the facts is ... reviewed under the substantial evidence standard, and the Board's reasonable inferences may not be displaced on review." *United States Postal Serv.*, 841 F.2d at 144 (citing *N.L.R.B. v. United Ins. Co.*, 390 U.S. 254, 260, 88 S.Ct. 988, 991, 19 L.Ed.2d 1083 (1968)). In the instant appeal, there was substantial evidence to support the Board's conclusion that Van Don had failed to demonstrate that it had eliminated the "paid lunch" policy due to "compelling economic considerations."

It is an accepted proposition of law that "the burden of proof on matters which relate to justification for the employer's actions rests with the employer." *Wright Tool Co.*, 854 F.2d at 813; *accord Sandpiper Convalescent Center*, 824 F.2d at 321 ("Here, the *employer failed to establish* any compelling economic need for the layoff that would mitigate its duty to bargain.") (emphasis added). *See generally N.L.R.B. v. Fleetwood Trailer Co.*, 389 U.S. 375, 378 n. 4, 88 S.Ct. 543, 546 & n. 4, 19 L.Ed.2d 614 (1967); *N.L.R.B. v. Great Dane Trailers*, 388 U.S. 26, 33, 87 S.Ct. 1792, 1797, 18 L.Ed.2d 1027 (1967). The evidence proffered by Van Dorn during the hearing before the ALJ indicated that it had made the decision to eliminate the controversial paid lunch policy for the affected thirty-five workers in an effort to reduce operating costs, and for safety reasons, arguing that it had been cited by the Occupational Safety and Health Administration (OSHA) for failure to keep the aisles in various work areas clear and free from refuse and debris. Van Dorn's argument that the thirty-five workers who had previously been assigned to the staggered shift could be reassigned as a clean-up crew at the end of each working shift to clear garbage and debris from the aisles of the working areas demonstrated, at best, only that it had made a prudent business decision, rather than one made under "extraordinary economic compulsion." Consequently, Van Dorn failed to prove that there had been "compelling economic considerations" which had required it to alter its paid lunch policy.

Nor is there any merit to the Respondent's defense, even if true, that its action was *dictated* by economic considerations. "The Respondent had a duty to bargain with the employees' representative, and it could not elect to observe or disregard this duty on the basis of economic expediency, even in good faith." *Mike O'Connor*, 209 N.L.R.B. at 704 n. 12, 85 L.R.R.M. at 1425 n. 12, 1974 NLRB Dec. (CCH) ¶ 26,312 (quoting *Fleming Mfg. Co., Inc.*, 119 NLRB 452, 465, 41 L.R.R.M. (BNA) 1115 (1957)) (emphasis added) (footnote omitted).

The Board has filed a cross petition, requesting enforcement of its order. The National Labor Relations Act specifically "charges the Board with the task of devising remedies to effectuate the policies of the Act." *N.L.R.B. v. Seven–Up Bottling Co.*, 344 U.S. 344, 346, 73 S.Ct. 287, 289, 97 L.Ed. 377 (1953) (citing 29 U.S.C.A. § 160(c)); *accord Sure–Tan, Inc. v. N.L.R.B.*, 467 U.S. 883, 898, 104 S.Ct. 2803, 2812, 81 L.Ed.2d 732 (1984); *N.L.R.B. v. Joyce Western Corp.*, 873 F.2d 126, 128 (6th Cir.1989). "The Court has repeatedly interpreted this statutory command as vesting in the Board the primary responsibility and broad discretion to devise remedies that effectuate the policies of the Act, subject only to limited judicial review." *Sure–Tan, Inc.*, 467 U.S. at 898–99, 104 S.Ct. at 2812; *Joyce Western Corp.*, 873 F.2d at 128 (same); *accord Fibreboard Paper Prods. Corp.*, 379 U.S. at 216, 85 S.Ct. at 406 ("The Board's power is a broad discretionary one, subject to only limited judicial review ..."). A remedial order of

the Board will not be disturbed "unless ... the order is a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act." *Fibreboard Paper Prods. Corp.,* 379 U.S. at 216, 85 S.Ct. at 406.

■ Van Dorn has challenged that part of the Board's order requiring it to compensate the thirty-five employees whose fifteen minute paid lunch period had been unilaterally terminated, from October 7, 1976 until such time as the Company had satisfied its duty to negotiate with the union on the issue, asserting that the thirty-five employees had been not damaged by the termination of the paid lunch policy because they were paid for eight hours of work under both the paid and unpaid lunch policy. This argument ignores the fact that under the *paid* lunch program, the employees were scheduled to be at the plant for eight hours and were paid for eight hours, which included seven and three quarter hours of actual work and one quarter hour of paid lunch break. In contrast, the remaining employees were scheduled to be at their work assignments for eight and one half hours, but were compensated for only eight hours at work. Accordingly, it was within the authority of the Board to order back pay under the circumstances presented by the instant case. *See, e.g., N.L.R.B. v. Master Slack,* 618 F.2d 6, 8 (6th Cir.1980) (published order), *enforcing* 230 N.L.R.B. 1054, 96 L.R. R.M. (BNA) 1309, 1977–78 NLRB Dec. (CCH) ¶ 18,442 (1977). *See generally Strong,* 393 U.S. at 362, 89 S.Ct. at 545.

The court has considered Van Dorn's remaining arguments and finds them to be unpersuasive. Accordingly, for the reasons set forth in this opinion, the petition for review is DENIED, and the order of the National Labor Relations Board is ENFORCED.