917 F.2d 1304
 135 L.R.R.M. (BNA) 3000
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
HEALTH CARE MANAGEMENT CORP., Respondent.
 No. 90-5073.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1990.
 
 Before BOYCE F. MARTIN, Jr., RYAN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Employer appeals from an order of the National Labor Relations Board ("the Board") issued against Health Care Management Corporation ("the Company") upholding the Administrative Law Judge's (the "ALJ") decision that the Company violated Sec. 8(a)(1) and (3) of the National Labor Relations Act (the "Act"), 29 U.S.C. Sec. 158(a)(1) and (3), by suspending and later terminating employee Sandra Ash ("Ash") for alleged acts of misconduct. Because substantial evidence supports the Board's finding that Ash's suspension and termination was motivated by anti-union animus, the Board's order is affirmed.
 
 I.
 
 2
 The Health Care Management Company operates the Hickory Creek Nursing Center ("Hickory Creek") in Athens, Ohio which provides nursing care to elderly residents. In May 1987, District 1199, WV/KY/OH, National Union of Hospital and Health Care Employees, AFL-CIO ("Union") began an organizational campaign among the approximately 86 health care service and maintenance employees at Hickory Creek. Sandra Ash, who was a nurses aide, and other pro-union employees actively lobbied for union support throughout the summer of 1987. On August 17, 1987, Company president Greg Nelson conducted a meeting for all service and maintenance employees for the purpose of discouraging union activity. During the heated discussions, Ash repeatedly challenged statements made by Nelson provoking him, at one point, to angrily tell Ash to "sit down and shut up." Two days after this meeting, approximately 30 to 40 employees, including Ash and a Union agent, approached Company Administrator Brian Sturgeon with 70 to 80 signed union cards and demanding Union recognition by the Company. Sturgeon responded to their request for Union recognition by ordering the Union representative to leave the premises and calling the police.
 
 
 3
 The following week, on August 25, 1987, the Company suspended Sandra Ash for three days without pay as the result of an incident in which a patient fell while under Ash's care. Nursing Director Linda Loos reviewed the written reports submitted by Ash and two other employees who were in the vicinity of the incident and concluded that Ash had been "neglectful" for leaving a patient unattended. Administrator Brian Sturgeon reviewed Loos' report and concluded that Ash's conduct constituted both a violation of Class I work rules (punishable by suspension or termination) and Class II work rules (punishable by verbal or written warning). Sturgeon opted for a penalty of a three day suspension without pay for the misconduct.
 
 
 4
 Upon her return to work on September 26, 1987, Sturgeon called Ash to his office and told her that two of her co-employees had filed complaints against her for abusive language. Sturgeon then summarily terminated Ash from employment with the Company. Ash immediately asked Sturgeon the names of the two employees who had complained, when the incidents had occurred, and whether the complainants were new employees. Sturgeon refused to answer any of Ash's questions, other than to indicate that more than one employee had complained.
 
 
 5
 At the NLRB hearing, it was discovered that the two employees who filed complaints against Ash were Shirley Smith and Gladys Brown. The Company received a written statement from Ms. Brown in which she alleged that Ash almost hit her while opening a door and then stated, "someone ought to push you through the wall." The Company received a written statement from Ms. Smith in which she alleged that Ash kicked her without provocation and then kicked her again after she voiced objection. Neither employee was called by the Company to testify at the hearing and Ash denied both incidents.
 
 II.
 
 6
 The Board found, in agreement with the ALJ, that the Company violated Sec. 8(a)(3) and (1) of the Act, 29 U.S.C. Sec. 158(a)(3) and (1), by suspending and discharging Ash because of her union activities.[1] Specifically, the Board found that the Company's alleged reasons for suspending and then terminating Sandra Ash were a mere pretext. See NLRB v. Transportation Management Corp., 462 U.S. 393, 397-398, 103 S.Ct. 2469 (1983); NLRB v. E.I. DuPont de Nemours, 750 F.2d 524, 528-529 (6th Cir.1984); NLRB v. Townsend & Bottum, Inc., 722 F.2d 297, 300 (6th Cir.1983). The Board's finding of unlawful motivation should be upheld as long as it is supported by substantial evidence, even if the reviewing court could have justifiably made a different finding had it considered the matter de novo. Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); Van Dorn Plastic Machinery Co. v. NLRB, 881 F.2d 302, 305-306 (6th Cir.1989). In discerning an employer's motivations for suspending or firing an employee, the Board looks at various factors, including: the employer's knowledge of its employees' union activities; the employer's hostility toward the union; the timing of the discharge; deviation from past practice in regard to severity of discipline; the employer's failure to give the accused employee a reason for the discipline or an opportunity to defend against the accusations; and the implausibility of the employer's asserted reasons for its actions. Turnbull Cone Baking Co. v. NLRB, 778 F.2d 292, 297 (6th Cir.1985), cert. denied, 476 U.S. 1159 (1986); see also Roadway Express, Inc. v. NLRB, 831 F.2d 1285, 1289 (6th Cir.1987). Applying these factors to this case, we find that there is substantial evidence to support the Board's finding of unlawful motive.
 
 
 7
 The Company's hostility towards the Union is uncontroverted. In addition to the August, 1987 meeting called by the Company to dissuade Union advocates, the Board found that the Company committed numerous violations of 29 U.S.C. Sec. 8(a)(1) in August, September and October of 1987, in attempting to dissuade Union activity. Furthermore, the Company had clearly identified Sandra Ash as a leading Union advocate at the time of the disciplinary action taken against her.
 
 
 8
 With regard to the Company's prior practice in disciplining employees, Sturgeon admitted that Ash was the only nurses' aide ever to be disciplined for misconduct or for any neglect of duty, even though there had been approximately 190 other incidents of patients falling in the previous two years. With regard to the employee complaints made against Ash by Gladys Brown and Shirley Smith, Sturgeon simply summoned Ash to his office and informed her that she had been terminated, without revealing the identity of the accusers or any details concerning the incident.[2] Sturgeon's refusal to set forth the identity of the accusers, the details of the accusations, or to give Ash an opportunity to respond to the allegations was in direct contravention of the Company's handbook which provided that an "employee will be given full opportunity to state his or her side of the matter" prior to termination.
 
 III.
 
 9
 In conclusion, the Board's finding that the suspension and termination of Sandra Ash was motiviated by the Company's anti-union animus, in violation of 29 U.S.C. Sec. 158(a)(3) and (1), is supported by substantial evidence. Therefore, the Board's order is AFFIRMED.
 
 
 
 [1]
 To remedy these violations, the Board ordered the Company to offer reinstatement to Ash or, if her position no longer existed, to offer a substantially equivalent position; to make her whole for any loss of earnings suffered as a result of the unlawful discrimination; to expunge any references to the suspension and discharge from her files and not to use the suspension and discharge against her in any way; and to post a remedial notice
 
 
 [2]
 We find this case distinguishable from Westinghouse Elec. Co., 277 NLRB 136 (1985), relied on by the Company, since not only was the identity of Ash's accusers withheld but the details of the incident were never disclosed and she was denied an opportunity to respond to the charges against her. In Westinghouse, only the identity of the accuser was withheld