## TERRELL *v.* MORRIS, SUPERINTENDENT, SOUTH-ERN OHIO CORRECTIONAL FACILITY

No. 88–7535.   Decided October 10, 1989

1

PER CURIAM.

Petitioner Terrell is incarcerated in a state prison in Ohio. After applying for state-law postconviction relief, he petitioned for a federal writ of habeas corpus pursuant to 28 U. S. C. § 2254 (1982 ed.).

Terrell's habeas petition includes an ineffective-assistance-of-counsel claim. The Ohio courts held in postconviction proceedings that Terrell had defaulted this claim by failing to raise it when represented by new counsel on direct appeal. In so doing, the Ohio courts relied upon *State* v. *Cole*, 2 Ohio St. 3d 112, 113–114, 443 N. E. 2d 169, 171 (1982). The *Cole* rule postdated Terrell's appeal, which was decided on December 30, 1981. Before *Cole*, Ohio had permitted ineffective-assistance claims in collateral challenges even if a petitioner had not raised those claims when represented by new counsel on direct appeal. See *State* v. *Hester*, 45 Ohio St. 2d 71, 71–72, 74–75, 341 N. E. 2d 304, 305, 307 (1976) (permitting a postconviction ineffective assistance claim to go forward despite a failure to raise the issue on direct appeal); see also *Cole, supra,* at 113–114, 443 N. E. 2d, at 171 (expressly modifying *Hester*).

Terrell thus could not have known that he would default his ineffective-assistance claim by his new counsel's failure to raise it on direct appeal. Terrell argued to the Federal District Court that the State could not invoke its procedural default rule retroactively. The District Judge agreed and proceeded to the merits of Terrell's ineffective-assistance claim.

The Sixth Circuit disposed of Terrell's *pro se* appeal in a *per curiam*, unpublished opinion. *Terrell* v. *Marshall*, 872 F. 2d 1029 (1989) (judgment order). The Court of Appeals held that "the District Court properly determined that Terrell's" ineffective-assistance claim, as well as several other claims, "were not reviewable" because of Terrell's "failure to raise these claims in state court proceedings." App. to Pet. for Cert. A–2. The District Court had, however, made no

such determination: the District Court reached the merits of the ineffective-assistance claim because the only applicable procedural default rule postdated Terrell's conviction. The Court of Appeals neither noted nor addressed the retroactivity issue.*

The Sixth Circuit, by its unpublished opinion, affirmed a decision that the District Court never made, and so never reviewed that court's actual decision. Review of the procedural bar and retroactivity issues should be undertaken based on a correct formulation of the ruling in the District Court. Accordingly, the motion for leave to proceed *in forma pauperis* and the petition for certiorari are granted. The judgment of the Court of Appeals is vacated, and the case is remanded to that court for further proceedings consistent with this opinion.

*It is so ordered.*

CHIEF JUSTICE REHNQUIST, with whom JUSTICE WHITE, JUSTICE O'CONNOR, and JUSTICE SCALIA join, dissenting.

The Court summarily vacates an unpublished *per curiam* opinion of the Court of Appeals for the Sixth Circuit without indicating that the Sixth Circuit committed legal error or that intervening circumstances require reconsideration of its decision. Because I view this action as an unwarranted use of the Court's resources and an unjustified imposition on the Court of Appeals, I dissent.

---

*The author of the Court of Appeals' unpublished opinion may have relied on the Magistrate's conclusion that petitioner's ineffective-assistance-of-counsel claim was barred by procedural default. See App. to Pet. for Cert. C–4. The Magistrate, however, had neither noted nor addressed the retroactivity issue that the District Court resolved in petitioner's favor. Because the question whether the Ohio Supreme Court's decision in *State* v. *Cole*, 2 Ohio St. 3d 112, 443 N. E. 2d 169 (1982), should be given retroactive effect may govern the disposition of a significant number of ineffective-assistance-of-counsel claims, the question clearly merits the attention of the Court of Appeals. Moreover, since the answer to the question requires a familiarity with Ohio law, it should not be addressed in this Court before we have the benefit of the Court of Appeals' views.

4

As the Court explains, the Sixth Circuit concluded that "'the District Court properly determined'" that Terrell's ineffective-assistance claim was procedurally barred. The Court's sole stated reason for vacating that decision is that the Court of Appeals erroneously attributed to the District Court a conclusion it never made. Although the Court of Appeals appears to have been wrong as to the basis of the District Court's ruling, the appellate court's statement unequivocally expresses agreement with the view that the claim was procedurally barred. This, then, is simply a case of an appellate court affirming a district court's dismissal on a legal basis different from that adopted by the district court — a not uncommon practice.

Underlying the Court's summary disposition of this case appears to be an assumption that the Sixth Circuit did not consider the adequacy of the Ohio courts' procedural bar holding. The Court of Appeals, however, had before it and made reference to the Magistrate's report and the District Court's decision, both of which discussed the issue. It is not our place to vacate a Court of Appeals' opinion on the supposition that the court failed to give sufficient thought to its own holding, merely because we would prefer a more extended discussion. Unless the Court is prepared to reverse the Court of Appeals' reliance on procedural bar, there is no basis for setting aside the decision below. This Court has debated the appropriateness of performing an "error-correcting function," see, e. g., Pennsylvania v. Bruder, 488 U. S. 9, 12–13 (1988) (STEVENS, J., dissenting). But I have no doubt that vacation of unpublished lower court opinions without any suggestion of error or intervening change in the law is an unwise use both of our resources and of those of the Court of Appeals.