911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael TERRELL, Petitioner-Appellant,
v.
Terry L. MORRIS, Supt., Respondent-Appellee.
 No. 88-3543.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1990.
 
 1
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and BALLANTINE, District Judge.*
 
 ORDER
 
 2
 This case is before the court on remand from the Supreme Court of the United States. This court originally affirmed the district court's denial of Terrell's habeas corpus petition, which attacked his conviction on two counts of aggravated robbery. Terrell v. Marshall, 88-3543 (6th Cir. April 3, 1989) (unpublished order). In this decision, we held that, inter alia, the district court correctly determined that Terrell's ineffective assistance of counsel claim was unreviewable, citing United States v. Frady, 456 U.S. 152 (1982) and Ewing v. McMackin, 799 F.2d 1143, 1148-49 (6th Cir.1986). We stated that Terrell had failed to raise this claim on direct appeal in the state court, and rested our decision as to its unreviewability on this ground.
 
 
 3
 The Supreme Court, in vacating this decision, noted that:
 
 
 4
 The District Court had, however, made no such determination [as to the unreviewability of Terrell's ineffective assistance of counsel claim]: the District Court reached the merits of the ineffective assistance claim because the only applicable procedural default rule postdated Terrell's conviction. The Court of Appeals neither noted nor addressed the retroactivity issue.
 
 
 5
 Terrell v. Morris, 110 S.Ct. 4, 5 (1989) (footnote omitted). The Supreme Court then instructed that:
 
 
 6
 Review of the procedural bar and retroactivity issues should be undertaken based on a correct formulation of the ruling in the District Court.
 
 
 7
 Ibid. Accordingly, on remand, we must expressly determine whether the district court was correct in holding that Terrell's ineffective assistance of counsel claim was not barred by his failure to raise it on direct state appeal. We agree with the district court's determination.
 
 
 8
 In 1982, the Ohio Supreme Court, in State v. Cole, held that a defendant's failure to raise an ineffective assistance of counsel claim by new counsel on direct appeal bars that issue from being raised in a proceeding for post-conviction relief. 443 N.E.2d 169, 170 (Ohio 1982). Terrell completed his direct state appeal in 1981.
 
 
 9
 Prior to the decision in Cole, Ohio permitted ineffective assistance of counsel claims to be raised in post-conviction proceedings, even if such claims had not been raised by new counsel on direct appeal. Indeed, the court in Cole noted that:
 
 
 10
 [T]his court and several lower courts have recognized exceptions to the absolute application of the doctrine of res judicata in proceedings for postconviction relief where ineffective assistance of counsel is claimed. State v. Hester (1976), 45 Ohio St.2d 71, 341 N.E.2d 304....
 
 
 11
 State v. Cole, 443 N.E.2d 169, 171 (Ohio 1982). Cole explicitly "modified [Hester] to comport with out [sic] ruling of today." Ibid.
 
 
 12
 We believe that a criminal procedural rule that constitutes a "clear break" with past practice, as the rule in Cole does, should not be applied retroactively to habeas corpus proceedings. See Griffith v. Kentucky, 479 U.S. 314 (1987). In this case, Terrell had clearly completed his direct state appeal prior to the Cole decision, and the new rule regarding ineffective assistance of counsel claims, as set forth in Cole, should not be applied here.
 
 
 13
 Nonetheless, the district court found, and we agree, that Terrell's ineffective assistance of counsel claim is without merit. As the district court noted, Terrell was convicted after introduction of a videotape of one robbery, and after eyewitness identification and testimony about the immediate apprehension of Terrell with bank funds and the weapon used in the robbery. In light of the overwhelming evidence presented at trial, we agree with the district court that there is not a reasonable probability that the outcome of Terrell's trial would have been different but for the alleged errors of counsel. See Strickland v. Washington, 466 U.S. 668, 694 (1984). Accordingly, we find that Terrell did not have ineffective assistance of counsel.
 
 
 14
 The Supreme Court's decision in Terrell v. Morris affects only our holding as to Terrell's ineffective assistance of counsel claim; accordingly, we adhere to the other holdings in our previous opinion. We believe that the district court correctly found unreviewable Terrell's claims that the district court erred in not conducting a hearing on the issue of the voluntariness of his pretrial statements; that he was denied counsel at an identification line-up; that an in-court identification of him was tainted by an improper pretrial identification; that the prosecution used perjured testimony; and that his indictment and his judgment were not signed. These claims are not reviewable because he failed to raise them on direct state appeal. See Ewing v. McMackin, 799 F.2d 1143, 1148 (6th Cir.1986).
 
 
 15
 We agree with the district court's rulings as to Terrell's other claims. The prosecutor had apparently indicated that he would seek concurrent sentences if Terrell pled guilty to the charges of aggravated robbery. Terrell elected to go to trial, and asserted that the trial judge did not inform him that he could receive the maximum sentence on each charge if he went to trial. The trial court, however, did not indicate that it would abide by the plea bargain if Terrell went to trial. The court's conduct, as alleged by Terrell, does not state a constitutional violation. See United States v. Lippert, 740 F.2d 457 (6th Cir.1984).
 
 
 16
 Terrell's objection to a witness's reference to the jail uniform he wore at trial does not present a constitutional question under the circumstances of this case. See Brown v. Estelle, 536 F.2d 1037 (5th Cir.1976). In light of the totality of the circumstances, the allegation of police deceit does not render an otherwise valid confession involuntary and inadmissible. See Frazier v. Cupp, 394 U.S. 731, 739 (1969). Finally, the allegation of an illegal search and seizure is not reviewable in this petition for habeas corpus. Stone v. Powell, 428 U.S. 465 (1976).
 
 
 17
 The decision of the district court, denying Terrell's petition for a writ of habeas corpus, is AFFIRMED.
 
 
 
 *
 the Honorable Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky, sitting by designation