975 F.2d 1207
 Anthony T. WARNER, Petitioner-Appellant (91-3696),
Petitioner-Appellee (91-3836), Cross-Appellant (91-3878),
v.
UNITED STATES of America, Respondent-Appellee (91-3696),
Anthony J. Celebrezze, Jr., Attorney General, State of Ohio,
Respondent-Appellant (91-3836), Cross-Appellee (91-3878).
 Nos. 91-3696, 91-3836 and 91-3878.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 12, 1992.
Decided Sept. 16, 1992.
 
 Debra M. Hughes (argued and briefed), Federal Public Defender's Office, Stephen W. Gard, Cleveland, Ohio, for petitioner-appellant.
 Gregory C. Sasse, Asst. U.S. Atty. (argued and briefed), Office of U.S. Atty., Cleveland, Ohio, for respondent-appellee.
 Stuart A. Cole, Asst. Atty. Gen. (argued and briefed), Office of Atty. Gen. of Ohio, Columbus, Ohio, for respondent-appellant Anthony J. Celebrezze, Jr.
 Before: KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 SUHRHEINRICH, Circuit Judge.
 
 
 1
 Petitioner Anthony T. Warner pled guilty in Ohio State Court to the charges of murder and aggravated robbery. Eleven days later, Warner pled guilty in the United States District Court for the Northern District of Ohio to two counts of bank robbery. After numerous state post-conviction appeals, Warner filed for federal habeas corpus relief from his state sentence pursuant to 28 U.S.C. § 2254. This case was consolidated with Warner's pending petition requesting habeas corpus relief from his federal sentence pursuant to 28 U.S.C. § 2255. The district court held an evidentiary hearing and granted Warner's motion with respect to the state convictions, but denied his request as to the federal convictions. For the following reasons, we affirm the district court.
 
 I.
 
 2
 On December 18, 1980, Warner pled guilty to murder and aggravated robbery charges in the Cuyahoga County Common Pleas Court. The Common Pleas Court sentenced Warner to an indefinite term of fifteen years to life imprisonment on the murder charge and four to twenty-five years imprisonment on the robbery charge, the sentences to run concurrently. Warner was then turned over to federal authorities for prosecution of federal charges of bank robbery.
 
 
 3
 On December 29, 1980, Warner pled guilty in federal court to two counts of armed bank robbery arising out of an indictment returned by a grand jury in the Central District of California (voluntarily transferred to the Northern District of Ohio pursuant to Fed.R.Crim.P. 20). At the plea hearing, the district judge asked Warner whether there were any promises made to him that were not in the record, and Warner responded "No, sir." On March 5, 1981, the district court sentenced Warner to twenty-two years imprisonment on each count, with the sentences to run concurrently. The court clearly stated that the "federal sentence will go into effect, but in no way will that be shortened or modified by the state sentence. The state sentence still exists, and if, indeed, you are ever paroled from federal imprisonment, you would then, I believe, be subjected to serve time as a state prisoner."
 
 A. State Court Proceedings
 
 4
 Warner did not file a direct appeal from the state court sentence imposed on December 18, 1980. Warner claims that he did not pursue a direct appeal in state court because he believed that his state and federal sentences were running concurrently due to a plea agreement. In May 1984, Warner discovered that a state detainer warrant had been filed with the federal authorities, requesting that he be transferred to the State of Ohio to serve his state sentence upon completion of his federal imprisonment. Warner claims that it was the detainer warrant that first alerted him to the possibility that his federal and state sentences were not concurrent.
 
 
 5
 Warner then filed a state habeas corpus petition in the Cuyahoga County Common Pleas Court. As a result of this action, the United States Department of Justice requested a clarification of Warner's sentence. The Common Pleas Court responded with a one sentence order that Warner's state sentence be consecutive to his federal sentence. Warner argued that the parties had agreed that the state and federal sentences would be served concurrently, not consecutively. Since the state sentence was imposed first, Warner argued that the state prosecutor was supposed to recommend to the state court that the state sentence would be concurrent to any federal sentence after the federal sentence was imposed. The Common Pleas Court rejected this contention, finding no evidence of such an agreement. The court then dismissed Warner's petition.
 
 
 6
 On August 29, 1984, Warner appealed the dismissal of his habeas petition and the order mandating consecutive sentences. Warner alleged that the order was an invalid post-conviction modification of this sentence and that his guilty plea was invalid. The Ohio Court of Appeals, 1985 WL 8633, vacated the order imposing consecutive sentences as an improper post-conviction modification of Warner's sentence. However, the court also noted that Warner's sentences would still be consecutive because the district court had no authority to impose a sentence concurrent to a state sentence without the approval of the United States Attorney General. The Ohio Court of Appeals also ruled that there was no evidence of any plea agreement in the record, and the court therefore overruled this count of error in the appeal. The Ohio Supreme Court sua sponte dismissed Warner's appeal.
 
 
 7
 Warner next filed a state habeas corpus petition pursuant to Ohio Rev.Code § 2953.21, alleging that it was improper to impose consecutive sentences when he was promised concurrent sentences, and for the first time, that his trial counsel was ineffective. The Common Pleas Court denied the petition because Warner could have raised the ineffective assistance of trial counsel claim on direct appeal. Warner appealed to the Ohio Court of Appeals, which affirmed the lower court's decision 1990 WL 32588. The court held that "direct appeal was the appropriate time to raise these allegations of ineffective assistance." See State v. Cole, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982). The Ohio Supreme Court dismissed Warner's appeal on June 27, 1990.
 
 B. Federal Court Proceedings
 
 8
 While seeking relief from his state court sentence, Warner also filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2255, challenging his federal sentence. In his section 2255 petition, Warner made three claims: (1) the United States Attorney breached the plea agreement by not recommending that the federal sentence be imposed concurrently; (2) his counsel provided ineffective assistance of counsel to Warner by counseling him to answer "no" to the court's inquiries about any promises made to induce the guilty plea; and (3) the guilty plea, induced by his erroneous belief in a promise of a concurrent sentence, was not made knowingly and voluntarily. The district court rejected the first claim, noting that the record revealed no such promise of concurrent sentences by the federal prosecutor but instead reflected Warner and his counsel's knowledge that the sentences were to be consecutive. With respect to the ineffective assistance of counsel claim, the district court decided that Warner was estopped from asserting his claim because of his answers at the federal sentencing hearing, stating that no promises had been made inducing him to plead guilty. Finally, the court concluded that Warner was collaterally estopped from bringing his claim that his plea was based upon misinformation because the state court of appeals had already dismissed this argument.
 
 
 9
 In a previous appeal to this court, we held that Warner was estopped from raising any additional promises not fulfilled by the federal government because he knew that he would serve consecutive sentences for his federal and state pleas. However, we concluded that Warner was not estopped from raising the ineffective assistance of counsel claim as to the proceedings at his federal plea hearing. We remanded to the district court for an evidentiary hearing solely on the issue of the ineffectiveness of Warner's counsel in his federal case. See Warner v. United States, 911 F.2d 734 (6th Cir.1990).
 
 
 10
 C. Consolidated Federal and State Proceedings
 
 
 11
 On August 23, 1990, the day after this court remanded Warner's section 2255 petition for an evidentiary hearing, Warner filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his state conviction. The district court consolidated this case with Warner's already filed habeas corpus petition challenging his federal sentence, which was on remand from this court. The district court then conducted an evidentiary hearing on the ineffectiveness of Warner's original trial counsel, Russell Adrine, who represented Warner at both state and federal sentencing.
 
 
 12
 The district court first determined that Warner was not procedurally barred from raising the issue of his trial counsel's ineffective assistance. The district court disagreed with the Ohio Court of Appeal's conclusion that State v. Cole, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982), applied to Warner's allegations. Cole held that res judicata bars an individual from raising ineffective assistance of trial counsel in a post-conviction proceeding if the individual was represented by different counsel and failed to raise the issue on direct appeal. The district court held that Warner's first round of appeals in state court were not "direct" appeals but rather state habeas corpus petitions. Therefore, Cole did not apply.
 
 
 13
 The district court then held that Warner's trial counsel had rendered ineffective assistance by leading Warner to believe that he had a plea bargain for concurrent sentences with the state and federal authorities. The district court found that Warner relied on this erroneous belief when pleading guilty in state court on December 18, 1980. This amounted to substantial prejudice, which required the court to grant Warner's 28 U.S.C. § 2254 petition and vacate his state court sentence. The court ordered the state either to impose a concurrent sentence or to re-try Warner within 120 days. The district court stayed its order pending this appeal.
 
 
 14
 The district court then denied Warner's 28 U.S.C. § 2255 petition to be released from federal custody. The court found that Warner was not prejudiced by his counsel's ineffective performance when he pled guilty to bank robbery in federal court on December 29, 1980. The court held that Warner was advised by the court that his federal sentence would not run concurrently with his state sentence. Consequently, Warner suffered no prejudice by pleading guilty in federal court. Accordingly, the court denied Warner's section 2255 petition.
 
 
 15
 Warner appeals the denial of his section 2255 petition, and the State of Ohio appeals the grant of Warner's section 2254 petition. We affirm the district court in all respects.
 
 II.
 A. Section 2255 Petition
 
 16
 In his federal habeas petition, Warner contends that his guilty plea in federal court was induced by a false promise of a sentence concurrent with his state sentence. Warner relies upon the affidavit of his former counsel, Russell Adrine, which states that such a promise was part of the federal plea bargain.
 
 
 17
 In his previous appeal, this court ruled that Warner was estopped from raising a claim that his guilty plea was involuntary based upon promises made by the government because Warner stated to the district judge on the record that there were no promises inducing him to plead guilty. This holding ordinarily would prevent us from reconsidering this issue. However, on remand the district court found that Warner had relied upon the false representations of his attorney, Russell Adrine, in the federal plea hearing. Because the issue is whether Warner's counsel provided constitutionally ineffective assistance, we must examine the degree of prejudice Warner suffered from Adrine's improper advice.
 
 
 18
 Moreover, our previous holding apparently was based upon an inaccurate transcript of the federal plea hearing. In the original transcript, Adrine stated to the district court that Warner was "serving the state time and this time to run consecutively." Based upon this statement, we found that Warner knew he was to receive consecutive sentences. On remand, however, the district court held that the transcript should have read "He is serving the state time and this time to run concurrently." This finding was based upon the testimony of attorney Adrine and court reporter Gloria Dixon, who admitted that she erroneously transcribed the word. Accordingly, we are free to review Warner's allegations of prejudice from Adrine's ineffective assistance because our prior holding that Warner was estopped from raising such a claim was based upon a factual inaccuracy in the record.
 
 
 19
 Turning to the merits of Warner's section 2255 petition, the petitioner must show that his counsel's representation fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 57-59, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985). The district court held that Adrine's representation did fall below an objective standard of reasonableness. The court held that Adrine's promise to Warner of a concurrent federal sentence rested upon a misunderstanding of the plea negotiations with the Assistant United States Attorney. Further, the district court found that a competent attorney would have known that a district court could not impose concurrent federal and state sentences without the approval of the United States Attorney General. See 18 U.S.C. § 4082(a).
 
 
 20
 We agree with the district court that Adrine was ineffective in counseling Warner that the federal district court could impose a sentence concurrent to his state court sentence. This advice was incorrect as a matter of law under 18 U.S.C. § 4082(a). We also agree with the district court that the Assistant United States Attorney never indicated to Adrine that such an agreement existed. This misunderstanding by Adrine also amounts to ineffective assistance of counsel.
 
 
 21
 Nevertheless, Warner must still establish prejudice from Adrine's ineffective assistance. See Hill, 474 U.S. at 59, 106 S.Ct. at 370. The district court noted that the Assistant United States Attorney stated in open court while Warner was present that there was no promise made to Warner. The court found that as of December 29, 1980, Adrine had informed Warner that "there would be no concurrencies in this court." The district court then noted that it had informed Warner directly that:
 
 
 22
 I think, Mr. Warner, if you understand this sentence that I impose today, Mr. Warner, on you, I am not in any way concerned with the State sentence. In other words, I will impose a Federal sentence, and if indeed you are a Federal prisoner, as I really think you are in this matter, that Federal sentence will go into effect, but in no way will that be shortened or modified by the State sentence.
 
 
 23
 Having told him that his sentence will "in no way ... be shortened or modified by the State sentence," the court gave him a chance to withdraw his guilty plea. Warner did not withdraw his guilty plea, despite being on notice that there was no agreement with the Ohio authorities as to concurrent sentences. Based upon these facts, the district court concluded that Warner's guilty pleas in federal court were entered knowingly and voluntarily. Despite his attorney's earlier representation of concurrent sentences, there was no prejudice to Warner because he was aware that there was no agreement.
 
 
 24
 On appeal, Warner contends that these factual findings are inconsistent. We review such factual findings for clear error. McCall v. Dutton, 863 F.2d 454, 459 (6th Cir.1988), cert. denied, 490 U.S. 1020, 109 S.Ct. 1744, 104 L.Ed.2d 181 (1989). "Deference to lower court's findings is especially warranted in cases where the critical evidence is testimonial." Id.
 
 
 25
 Warner's claims all address the district court's resolution of credibility and state of mind issues. Warner contends that Adrine's statement at the March 5, 1981, sentencing reveal that he believed Warner would receive concurrent sentences. Warner also contends the district court erred in finding that he knew there was no plea arrangement. Finally, Warner alleges that he lied to the district court when he stated there were no promises made to him because Adrine instructed him to answer in the negative.
 
 
 26
 We reject all of these allegations of error. First, the resolution of Adrine's conflicting statements is properly left to the district court. See McCall, 863 F.2d at 459. We will not second-guess the court's finding that Adrine told Warner, prior to December 29, 1980, that there would be no concurrent sentence in his case. Second, whether Warner appreciated the importance of the statements of the Assistant United States Attorney and the district court is a credibility issue, and we defer to the district judge.
 
 
 27
 Finally, Warner's decision to lie to the district court cannot amount to prejudice. Even if Warner did deny knowledge of a plea agreement in reliance on Adrine's mistaken advice, this does not amount to prejudice when the court specifically informed him that Adrine's advice was incorrect. See Worthen v. Meachum, 842 F.2d 1179, 1184 (10th Cir.1988) (alleged misrepresentations of attorney regarding conditions of plea agreement did not render plea constitutionally involuntary where court specifically told defendant on record that said information was incorrect), overruled on other grounds, Coleman v. Thompson, --- U.S. ----, ---- - ----, 111 S.Ct. 2546, 2564-66, 115 L.Ed.2d 640 (1991). Cf. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (summary dismissal was inappropriate where defendant's allegations were not vague or conclusory, there was no transcript of the sentencing hearing, and questions on printed form did nothing to dispel defendant's belief that any plea agreement had to be concealed). To allow collateral attacks on guilty pleas to be based upon such claims would make every plea subject to attack and render the oral responses given in court meaningless. Blackledge, 431 U.S. at 74, 97 S.Ct. at 1629. ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") As we held in Baker v. United States, 781 F.2d 85, 90 (6th Cir.1986), cert. denied, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986):
 
 
 28
 This Court agrees with the reasoning of the fifth circuit [sic] in Moore v. Estelle, 526 F.2d 690 (5th Cir.), cert. denied, 426 U.S. 953, 96 S.Ct. 3180, 49 L.Ed.2d 1192 (1976), that where the court has scrupulously followed the required procedure, "the defendant is bound by his statements in response to that court's inquiry." 526 F.2d at 696-97, quoting Jackson v. United States, 512 F.2d 772, 773 (5th Cir.1975). Plea bargaining "is an essential component of the administration of justice. Properly administered, it is to be encouraged." Santobello v. New York, 404 U.S. 257, 260, 92 S.Ct. 495, 497, 30 L.Ed.2d 427 (1971). It is impossible for a trial judge to properly administer a plea agreement if it consists of secret terms known only to the parties. Furthermore, "a plea bargain itself is contractual in nature and 'subject to contract-law standards.' " United States v. Krasn, 614 F.2d 1229, 1233 (9th Cir.1980), quoting United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir.1979). To allow defendant to attempt to prove by affidavit that the agreement is otherwise than it appears, unambiguously, on a thorough record would violate established contract-law standards. The Court holds therefore that where Rule 11 procedures were fully adequate, absent extraordinary circumstances, or some explanation of why defendant did not reveal other terms, at least when specifically asked to do so by the court, a defendant's plea agreement consists of the terms revealed in open court....
 
 
 29
 The record in this case reveals clearly that the district judge fully met his obligation to follow Rule 11 procedures. Moreover, Warner has not overcome the finding that he knew he was not receiving a concurrent federal sentence. Accordingly, petitioner has failed to demonstrate prejudice resulting from his counsel's ineffective assistance. The district court's decision dismissing Warner's section 2255 petition to be released from federal custody is affirmed.
 
 B. Section 2254 Petition
 1.
 
 30
 The State of Ohio first contends that the district court erred in granting Warner's petition because Warner failed to preserve the issue of ineffective assistance of trial counsel in his state court proceedings. Ohio contends that it is a clear procedural rule that state ineffective assistance of trial counsel claims must be presented on direct appeal. Moreover, Ohio claims that the last state court to render a judgment on Warner's appeal expressly relied on Warner's procedural default as a basis for its rejection of Warner's ineffective assistance of counsel claims. Specifically, the Ohio Court of Appeals held that:
 
 
 31
 The Ohio Supreme Court in State v. Cole (1982), 2 Ohio St.3d 112, 114 [443 N.E.2d 169] ruled that res judicata would bar an individual raising ineffective assistance of trial counsel in a post-conviction petition if the individual was represented by different counsel on appeal and the issue of trial counsel's ineffectiveness could fairly have been determined without resort to evidence "dehors" the record. Petitioner in the present case was represented by different counsel on appeal and both errors could fairly have been determined based on the record before the appellate court. Therefore direct appeal was the appropriate time to raise these allegations of ineffective assistance.
 
 
 32
 Thus, Ohio submits that the waiver criteria of Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), that federal habeas review is precluded where the last state court rendering a judgment on the case rests on a procedural default, precludes federal review of this claim.
 
 
 33
 This argument is based upon a misunderstanding of procedural default analysis. It is now well-established that absent a showing of cause and prejudice, a petitioner cannot raise issues in a section 2254 petition which he failed to raise in state court, if required by an adequate and independent state procedural rule. See Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). This rule only applies, however, to "firmly established and regularly followed state practices." Ford v. Georgia, --- U.S. ----, ----, 111 S.Ct. 850, 857, 112 L.Ed.2d 935, 949 (1991).
 
 
 34
 Thus, the threshold issue is whether there was a firmly established rule in Ohio prohibiting collateral attack on convictions based upon ineffective assistance of counsel claims not raised on direct appeal. See Wesselman v. Seabold, 834 F.2d 99, 101 (6th Cir.1987), cert. denied, 485 U.S. 1024, 108 S.Ct. 1581, 99 L.Ed.2d 895 (1988). In this case, it is clear that Warner did not directly appeal his state court conviction. Although Ohio tries to characterize Warner's first appeal as a direct appeal, this is clearly wrong. Under Ohio R.Ap.P. 4(B), a defendant has thirty days to file a direct appeal as of right in criminal cases. Warner clearly missed the deadline for direct appeal. Therefore, his 1984 appeal could only be a state habeas corpus petition.
 
 
 35
 That Warner failed to take a direct appeal in 1980 does not preclude his claim of ineffective assistance of counsel for one simple reason: State v. Cole was not decided until 1982. In 1980, there was no clearly established precedent requiring ineffective assistance of counsel claims to be raised on direct appeal. This fact has been noted by the Supreme Court of the United States. See Terrell v. Morris, 493 U.S. 1, 2, 110 S.Ct. 4, 5, 107 L.Ed.2d 1 (1989) ("Before Cole, Ohio had permitted ineffective assistance claims in collateral challenges even if a petitioner had not raised those claims when represented by new counsel on direct appeal.") Thus, the Ohio Court of Appeal's procedural default analysis was in error and cannot stand. See Ford, --- U.S. at ----, 111 S.Ct. at 857, 112 L.Ed.2d at 949. There is no state procedural bar to Warner's ineffective assistance of counsel claim.
 
 2.
 
 36
 The district court stated that "[u]pon all the relevant evidence, it is concluded that the petitioner has proved that it was the plea bargain promised to him by Mr. Adrine, and his attorney's recommendation that he plead guilty, that caused him to plead guilty." The court further found that this constituted prejudice under Hill v. Lockhart, 474 U.S. at 59, 106 S.Ct. at 370, and that the state court conviction had to be vacated.
 
 
 37
 Ohio concedes that Adrine's performance fell below that of a reasonably competent defense attorney, but argues that Warner suffered no prejudice. Prejudice is proved if the defendant shows a reasonable probability that, but for counsel's defective advice, he would not have pleaded guilty. Hill, 474 U.S. at 59, 106 S.Ct. at 370; Sparks v. Sowders, 852 F.2d 882 (6th Cir.1988).
 
 
 38
 In this case, the district court expressly found that: "Mr. Warner has proved by a preponderance of the evidence that he has been prejudiced by his attorney's ineffective assistance of counsel as previously found." This finding was based on the district court's subsidiary finding that "it was the plea bargain promised to [Warner] by Mr. Adrine, and his attorney's recommendation that he plead guilty, that caused him to plead guilty."
 
 
 39
 This finding of the district court must be upheld unless it is found to be clearly erroneous. See, e.g., Lewandowski v. Makel, 949 F.2d 884 (6th Cir.1991); McCall, 863 F.2d at 459; Lewandowski, 949 F.2d at 889.
 
 
 40
 The evidence presented by Warner that he would not have pled guilty in state court but for the ineffective assistance of his counsel in recommending that he do so is as strong as the evidence presented in Lewandowski. As in Lewandowski, the district court's crediting of the testimony of Warner that he would have pled not guilty and gone to trial but for the misadvice of his attorney was within the court's discretion. In addition to Warner's testimony, both of his appointed attorneys in the state criminal case testified that but for their misadvice, Warner would not have pled guilty. The district court's decision to believe these witnesses was not clearly erroneous.
 
 
 41
 Finally, Ohio contends that the district court's finding that Warner was not prejudiced by Adrine's ineffective assistance in his federal case mandates the same result in the state case. These two findings are not inconsistent. The federal court advised Warner that there would be no concurrent sentences, the state court did not. The state sentence was imposed first, before Warner knew that the federal sentence was not concurrent. Thus, the district court's holding is consistent.
 
 3.
 
 42
 Finally, Ohio contends that the district court's remedy, a new trial for Warner, was improper. Ohio contends that it should be allowed to sentence Warner concurrently with his federal sentence, i.e., to specifically perform the alleged plea bargain. See, e.g., Hart v. Marion Correctional Institution, 927 F.2d 256 (6th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 70, 116 L.Ed.2d 44 (1991).
 
 
 43
 The problem with this approach is that there was no plea bargain at all in this case. We will not order specific performance of a non-existent plea bargain. In addition, specific performance has been allowed where the defendant was only misled as to the length of his sentence. See, e.g., id. Warner, however, suffered a Sixth Amendment violation. The remedy for such violations is a new trial. See Blackburn v. Foltz, 828 F.2d 1177, 1186 (6th Cir.1987), cert. denied, 485 U.S. 970, 108 S.Ct. 1247, 99 L.Ed.2d 445 (1988).
 
 III.
 
 44
 In conclusion, we affirm the dismissal of Warner's section 2255 petition and the grant of Warner's section 2254 petition. Warner's state court sentence is vacated and the state is ordered to afford Warner a new trial. Because of this disposition, we do not consider Warner's contention that his mother's testimony was improperly excluded.