Smith v. Cunningham                      CV-97-147-JD    12/18/97
                   UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE

Brian Smith

        v.                              Civil No. 97-147-JD

Michael J. Cunningham, Warden


                              O R D E R


        The pro se petitioner, Brian S. Smith, seeks a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court is

respondent Michael J. Cunningham's motion for summary judgment

(document no. 16).


                             Background

        In June 1994, the petitioner was convicted on two counts of

issuing bad checks in violation of N.H. Rev. Stat. Ann. ("RSA")

§ 638:4.  His convictions were affirmed on direct appeal.  See

State v. Smith, 141 N.H. 271, 681 A.2d 1215 (1996).  The

petitioner initially sought habeas relief on claims for which he

had not exhausted his remedies and was therefore ordered to amend

his complaint or demonstrate that the other claims had been

exhausted.  The petitioner amended his complaint, and now seeks

habeas relief based on two alleged errors in the proceedings

against him:  (1) a search and seizure of evidence found at his

home; and (2) the admission at trial of evidence of his prior

convictions for issuing bad checks.

On December 22, 1993, Detective Mark Phelps secured a search warrant to recover two chainsaws and a woodstove from the petitioner's home on the grounds that the petitioner had obtained the items with bad checks. The items were visible in the front room, within twenty feet of the door. After entering the home, he and other officers performed a protective sweep of the entire residence to make sure the area was secure. During the sweep, the officers found a check imprinting machine and some blank checks visible on top of a counter and on the floor, which they seized. They also noted a new television and VCR. After leaving, Phelps learned that the petitioner had issued a bad check in Newport, New Hampshire, for the television and VCR. This caused him to seek a second search warrant for the television and VCR. On December 23, 1993, Phelps received a second search warrant, which he executed the following day.

The petitioner asserted that the officers had exceeded the scope of their warrant and moved to suppress the evidence obtained as a result. In a suppression hearing held on May 4, 1994, Judge Robert E.K. Morrill heard evidence on the motion. He ruled that the protective sweep was legitimate and that the items were properly seized subject to the plain view doctrine.

At trial, the state introduced evidence of the petitioner's

nineteen prior convictions for issuing bad checks. Prior to the admission of the evidence, the judge gave the following limiting instruction:

> Before you -- before we took that recess, the court reporter was marking a number of convictions that the Assistant County Attorney's going to summarize for you in a few moments. And I want to talk to you before she does and warn you that in a trial of -- in a number of trials we often allow evidence to come in but we offer it -- we allow it to come in for a limited purpose. That is, you may only consider it on one issue. And that requires some effort on your part to, in a sense, segregate the case and consider this evidence only on one issue.
>
> For example, you understand that the defendant is presumed to be innocent until the State proves his guilt, if they're able, beyond a reasonable doubt to the satisfaction of the twelve of you who end up sitting on this case. Certain evidence may be admissible to prove certain parts of that case.
>
> And as I told you in my general instructions, a defendant is not tried on his or her character. We don't find people guilty because of their character. They're tried for a particular offense. The County Attorney is going to summarize a number of prior convictions of Mr. Smith having to do with passing bad checks. And those convictions or the record of those convictions I'm allowing you to consider in weighing only certain aspects of this case. You may not, you should not, and you cannot under our Constitution find Mr. Smith guilty because he has a prior record. That would be wrong. Every person walks into the courtroom, it's a clean slate. They're presumed to be innocent. This evidence is being admitted solely for the purpose of determining whether Mr. Smith on the dates and times that he's alleged to have passed these bad checks knew what he was doing, that is, had the requisite criminal intent, and knew that those accounts or that account was closed or had insufficient funds as alleged by the State. They are not evidence of his guilt or

3

innocence.  Do you understand?  And you must treat them separately.  That is, you may only consider them on the evidence of whether he acted knowingly, which I'll define later at the end of the case.  And, two, whether he knew or believed that the checks would not be paid by the Centura Bank because there was insufficient funds in said account and/or the accounts being closed.  Is anyone -- is anyone here going to have any trouble in following this admonition or instruction by me to consider this evidence only for that limited purpose?  Be honest.  If you will, just raise your hand.  Okay.  I see no hands.  All right.  Go ahead.

State v. Smith, Nos. 93-S-210 & 94-S-016, Trial Tr. at 126-28

(N.H. Super. Ct. June 13, 1994).  When the jury was charged, the

judge further instructed them as follows:

> The State in this case has introduced evidence that the defendant was convicted of other crimes, passing bad checks, similar to the charges in this case.  As I indicated earlier, I admitted that evidence for the narrow purpose of determining whether the defendant had the requisite mental intent, that is, he knew what he was doing, and whether he knew or believed that the account that the checks were drawn from had been closed or had insufficient funds.  You all know you should not use that evidence of those convictions for any other purpose other than that limited purpose.  That is, did he know that the account had been closed or that there were insufficient funds in the account at the time he passed the checks.

> The defendant's character is not at issue in this case.  We don't convict people because of their prior records.  It's your duty in these cases, in this courtroom on this day, to decide whether the defendant committed the crimes he's been charged with in Sullivan County.

Id., Trial Tr. at 156-57.  The petitioner asserts that his due

process rights under the Fourteenth Amendment were violated by

4

the admission of this testimony.

On July 23, 1997, the respondent filed a motion for summary judgment. The petitioner's response was originally due on August 25, but he sought and received an extension until December 4, 1997. As of the date of this order, the petitioner still has not responded to the motion for summary judgment.

## Discussion

The law governing the grant of habeas corpus relief to state prisoners provides the following:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254(e)(1) (West Supp. 1997). In his petition, the petitioner has neither adduced clear and convincing evidence that the factual determinations of the New Hampshire courts were incorrect nor shown that he is entitled to an evidentiary hearing. Therefore, the court presumes the correctness of all factual issues determined by the New Hampshire courts. See id. § 2254(e)(1).

Where a state has provided a full and fair opportunity for litigation of a Fourth Amendment claim, federal habeas corpus

5

relief is unavailable for a state prisoner claiming that evidence obtained in an unconstitutional search and seizure was introduced at his trial. See Stone v. Powell, 428 U.S. 465, 494 (1976); Palmigiano v. Houle, 618 F.2d 877, 881-82 (1st Cir. 1980). A full and fair opportunity to litigate the issue means that the state process was not hampered by an "intrinsic or systemic infirmity" which prevented appropriate consideration of the issue in the state courts. Tart v. Massachusetts, 949 F.2d 490, 497 n.6 (1st Cir. 1991). Here, the petitioner, through counsel, attempted prior to trial to suppress the evidence that he asserted was illegally obtained. He also pursued the matter on appeal. See Smith, 141 N.H. at 275-77, 681 A.2d 1216-19. The petitioner does not contend, and on the record could not reasonably contend, that he lacked a full and fair opportunity to litigate the issue in state court. Therefore, the court must deny his request for habeas relief on this ground.

The petitioner also challenges the admission at trial of his prior convictions. The relevant standard for determining whether he is entitled to relief is as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

6

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

42 U.S.C.A. § 3354(d)(1). This alleged error was also litigated in state court, where a majority of the New Hampshire Supreme Court found that the admission of the prior convictions was error, but that it was harmless error. See Smith, 141 N.H. at 278-80, 681 A.2d at 1219-21. A minority of the court, however, dissented on the harmless error ruling, finding that it could not determine that admission of the convictions was harmless beyond a reasonable doubt. See id. at 282-85, 681 A.2d at 1223-24. The New Hampshire Supreme Court's holding was pursuant to state rule of evidence 404(b), however, and was not of constitutional magnitude. See id. at 278.

The court does not review a determination by New Hampshire courts for error based on state law. See Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990). To entitle the petitioner to federal habeas relief, any error of state law would have to be so severe as to constitute a violation of his Fourteenth Amendment right to a fair trial. See McGuire, 502 U.S. at 72; Lisenba v. California, 314 U.S. 219, 228 (1941) (inquiry is whether error "so infused the trial with unfairness as to deny due process of law"). Accordingly, the petitioner

7

claims that the trial court's admission of evidence of his nineteen prior convictions for issuing bad checks violated his due process rights. The court reviews the New Hampshire court's ruling only to determine whether the result was "contrary to, or an unreasonable application of, clearly established federal law." See 42 U.S.C.A. § 2254(d)(1).

The court has been able to find no authority to support the proposition that the admission of the petitioner's nineteen prior convictions for issuing bad checks so prejudiced his trial as to deny him due process of law. Violations of nonconstitutional sources of law, such as a rule of evidence, only violate due process in a few narrow instances. See Dowling v. United States, 493 U.S. 342, 352-54 (1990). In Dowling, evidence was admitted at trial that the defendant in a robbery case had been acquitted of a similar robbery two weeks after the first. See id. at 344-45. In its ruling that admission of the testimony did not violate "fundamental conceptions of justice which lie at the base of our civil and political institutions" or "the community's sense of fair play and decency," the Supreme Court found significant, inter alia, the limiting instructions provided by the trial judge. Id. at 353 (internal quotations omitted). Given the strong limiting instruction given by the trial judge in this case along with an inquiry by the trial judge as to whether

8

any juror would have trouble following the instruction, the result reached by the New Hampshire courts was not so unfair as to be "contrary to, or constitute an unreasonable application of, clearly established federal law."  42 U.S.C.A. § 2254(d)(1).  Therefore, the court must deny the petitioner's request for a writ of habeas corpus.


## Conclusion

For the reasons stated above, the respondent's motion for summary judgment (document no. 16) is granted and the petitioner's request for a writ of habeas corpus is denied.  The clerk is ordered to close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
District Judge

December 18, 1997

cc:  Brian S. Smith, pro se
     Patrick E. Donovan, Esquire

9