NOT RECOMMENDED FOR PUBLICATION
File Name: 12a0744n.06

No. 09-6337

FILED

*Jul 10, 2012*

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROBERT LEE BROWN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| KENTUCKY PAROLE BOARD, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

**BEFORE: GIBBONS and SUTTON, Circuit Judges; DUGGAN, District Judge**[*]

**DUGGAN, District Judge**. Petitioner-Appellant Robert Lee Brown ("Brown") appeals the district court's denial of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Brown has been granted a certificate of appealability as to a claim alleging ineffective assistance of trial counsel, in which he asserts that his counsel was ineffective in advising him to enter a plea agreement in state court providing for concurrent state and federal sentences which was an impossibility because Brown had not yet pleaded guilty and been sentenced in federal court. Because there is no relief available to Brown under § 2254, we affirm the district court's dismissal of his request for habeas corpus relief.

I.

---

[*]The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

In 1993, a Jefferson County (Kentucky) grand jury and a federal grand jury sitting in the Western District of Kentucky separately indicted Brown for crimes related to a string of bank robberies. In August 1993, Brown pleaded guilty in Jefferson County Circuit Court to various counts pursuant to a plea agreement. In exchange for his guilty plea, Brown was promised a total sentence of forty-two (42) years to run concurrent with his federal sentence. However, when the state court sentenced Brown on August 23, 1994, the court neglected to indicate that the sentence was "concurrent" with the federal sentence.

Brown did not plead guilty in federal district court until February 17, 1994. On September 6, 1994, the district court entered a judgment sentencing Brown to one hundred and sixty (160) months' imprisonment, to run consecutive to Brown's state court sentence.

In 1996, Brown moved the state trial court to "clarify and enforce judgment" to reflect that the state and federal sentences were to run concurrently and to order his release to federal custody so that he could serve his federal sentence first. On August 20, 1996, the Kentucky Circuit Court ordered Brown's state sentence to run concurrent with his federal sentence; however, the court denied his request for release to federal custody, stating that "the site of the Defendant's incarceration is at the discretion of the [Kentucky] Department of Corrections, or the Federal Bureau of Corrections, when appropriate." (R. 1-3 at 5.) On the same date, the state court entered an amended judgment reflecting the "concurrent" sentence. Brown did not appeal the state court's order.

On September 22, 1997, Brown filed a motion in the Jefferson County Circuit Court arguing that he had to be released into federal custody to receive the benefit of the concurrent sentence.

Brown additionally argued that he received ineffective assistance of counsel in relation to his decision to plead guilty in the state court proceedings. The circuit court judge denied the motion after an evidentiary hearing, reasoning that the sentences already had been ordered to run concurrently and the court lacked jurisdiction to grant the additional relief sought. The court did not address Brown's ineffective assistance of counsel claim. Brown appealed.

In a decision issued August 31, 2001, which also did not address Brown's ineffective assistance of counsel claim, the Kentucky Court of Appeals held that Brown's plea agreement and sentence could not be performed because the state judgment was imposed prior to the entry of the federal sentence: "it was error for the Jefferson Circuit Court to sentence [Brown] to concurrent state and federal terms prior to his sentencing by the federal court." (R. 1-3 at 17.) The appellate court concluded, however, that it had no authority over the federal judge or any subsequent sentencing court which sentenced Brown after the Kentucky Circuit Court and could not "dictate where a prisoner should serve his time or which time should be served first." (*Id.*) Therefore, to effectuate the plea agreement, the Kentucky Court of Appeals remanded the matter to the circuit court with instructions to reduce Brown's sentence by the length of his federal sentence (160 months). Brown sought discretionary review in the Kentucky Supreme Court, which the Court denied on August 13, 2003.

In the interim, Brown had filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 in the District Court for the Western District of Kentucky, dated September 18, 2001, in which he challenged the state courts' refusal to transfer him to federal custody. Brown argued that his due process rights were violated by (1) the State's failure to transfer him to federal custody so his state

and federal sentences would run concurrently, and (2) the federal government's failure to credit the time served in state custody against his federal sentence. The United States responded to the petition, contending that the federal court sentenced Brown properly and that Brown had no constitutionally protected liberty interest in a concurrent sentence, credit for the time served in the State's custody, or immediate transfer to federal custody. The State also responded, adding that the Kentucky Court of Appeals had already provided an appropriate remedy by reducing Brown's state sentence by the length of his federal sentence. The federal district court denied the petition on April 19, 2002, concluding that Brown failed to demonstrate that he was in custody in violation of the Constitution or laws of the United States as required to obtain relief under § 2241. (R. 11-4.)

On June 24, 2002, Brown was paroled from his state sentence and transferred to federal custody to serve his federal sentence. On August 26, 2002, a panel of this Court denied Brown a certificate of appealability with respect to the denial of his § 2241 petition. *Brown v. Ky. Dep't of Corr.*, No. 02-5644 (6th Cir. Aug. 26, 2002). On or about November 26, 2003, the Jefferson County Circuit Court re-sentenced Brown pursuant to the Kentucky Court of Appeals' remand order.

Brown filed an application for habeas corpus relief pursuant to § 2254 in the District Court for the Western District of Kentucky on November 29, 2004. The petition was dated November 23, 2004. As grounds for relief, Brown argued that (1) his plea was not knowingly, voluntarily, and intelligently entered because the government violated the terms of the plea agreement; and (2) he was denied the effective assistance of counsel because counsel allowed him to plead guilty to a plea agreement that was impossible to fulfill. The district court transferred the petition to this court as a second or successive petition; however, a panel of this Court concluded that it was not a second

or successive petition and remanded the case to the district court for further proceedings. *In re Robert Lee Brown*, No. 06-6135 (6th Cir. June 5, 2007).

On remand, the case was referred to a magistrate judge who recommended that it be dismissed as untimely or, alternatively, on its merits because Brown's constitutional rights had not been violated. The district court dismissed the petition, concluding that it was not time-barred but that the Constitution does not require a defendant to be accurately informed about parole eligibility to render his or her plea voluntary. The district court concluded that, as a result of the state court's reduction of his original sentence by the length of his sentence, Brown "got what he bargained for [when he pleaded guilty], i.e., a total sentence of 42 years."

Brown sought a certificate of appealability from this Court, asserting as an additional ground for relief that his sentence violates his Eighth Amendment rights. As indicated earlier, Brown has been granted a certificate of appealability only as to his ineffective assistance of counsel claim.

II.

This Court reviews a district court's decision in a habeas corpus proceeding *de novo*. *Wolfe v. Brigano*, 232 F.3d 499, 501 (6th Cir. 2000). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), habeas corpus relief is available pursuant to § 2254 where a state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This provision, however, only applies to habeas claims that were "adjudicated on the merits in State court . . . ." *Id.* Where the state court did not assess the merits of a claim properly raised in a habeas petition, the general deference due to the state court's decision pursuant to the AEDPA is not applicable. *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

The Kentucky state courts never addressed the merits of Brown's ineffective assistance of counsel claim.

III.

Brown entered his guilty plea in state court with the understanding that he was being promised concurrent state and federal sentences and, therefore, the length of his total sentence would be shorter. The promise of concurrent sentences was meaningless, however, as the federal court was authorized, as it did, to impose a federal sentence consecutive to the state sentence. There is no indication in the record that Brown was advised of this risk or the principles of dual sovereignty so that he could appreciate that neither the state plea agreement nor the state court's sentence could bind the federal court. Under these circumstances, courts have held that a defendant's guilty plea was unconstitutional because it was not knowing, intelligent, and voluntary and because the failure of defense counsel to advise the defendant of the risk constituted ineffective assistance of counsel. *See, e.g., Warner v. United States*, 975 F.2d 1207, 1211, 1213-14 (6th Cir. 1992), *cert. denied* 507 U.S. 932, 113 S. Ct. 1314 (1993) (upholding the district court's grant of habeas corpus to the petitioner pursuant to § 2254, finding that the petitioner was denied effective assistance of counsel in state proceedings where his attorney recommended that he accept the State's plea offer promising concurrent state and federal sentences, leading him to believe that the federal district court would

be bound to impose a concurrent sentence, but the federal court instead imposed a consecutive sentence); *Finch v. Vaughn*, 67 F.3d 909, 915-17 (11th Cir. 1995) (finding that the petitioner received erroneous advice from his trial counsel and the state trial judge regarding whether his state and federal sentences would run concurrently, resulting in the denial of the effective assistance of counsel and a plea that was not knowing and intelligent); *see also Montoya v. Johnson*, 226 F.3d 399, 407 (5th Cir. 2000), *cert. denied* 532 U.S. 1067, 121 S. Ct. 2220 (2001) (applying deferential review under AEDPA to find the defendant's plea pursuant to an agreement promising concurrent sentences valid where the state court explained to the defendant that it could not bind the federal judge; but indicating that, if the court reviewed the claim de novo, federal habeas relief arguably might be warranted because the state court judge went on to say: "what I am saying is that . . . you will be given credit on this sentence with the time you serve in federal court.").

Nevertheless, there no longer is a remedy available to Brown through these § 2254 proceedings where he already has served his state sentence and therefore is not seeking to have his state conviction or sentence set aside. Brown instead is asking the Court to reduce the length of his federal sentence.[1] Brown is correct that 28 U.S.C. § 2243 instructs courts to "dispose of" an application for a writ of habeas corpus "as law and justice require." Further, the Supreme Court has advised that "remedies should be tailored to the injury suffered [by a criminal defendant] from the

---

[1]At oral argument, Brown's counsel suggested that relief could be provided to Brown by reducing the length of his state parole. While this panel does not believe that it has the authority to provide such relief, it encourages the State to consider this option as a means to remedy the violation of Brown's constitutional rights, particularly as the prior remedy ordered by the Kentucky Court of Appeals in fact provided no real remedy to Brown.

constitutional violation." *United States v. Morrison*, 449 U.S. 361, 364, 101 S. Ct. 665, 668 (1981).

Nevertheless, this Court has no power in these § 2254 proceedings to dictate a remedy with respect

to Brown's *federal* conviction and/or sentence for a constitutional violation arising in the *state*

court.[2]  A federal prisoner challenging his federal detention must do so through a motion under 28

U.S.C. § 2255 (when challenging the legality of the detention) or an application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 (when challenging the manner or execution of the sentence or

where it appears that the remedy by motion is inadequate or ineffective to test the legality of his

detention).  *See Wooten v. Cauley*, 677 F.3d 303 (6th Cir. 2012) (citing *United States v. Peterman*,

249 F.3d 458, 461 (6th Cir. 2001) and 28 U.S.C. § 2255(e)).

As set forth in the previous section, Brown filed a petition pursuant to 28 U.S.C. § 2241 in

which he sought, *inter alia*, an order requiring the Bureau of Prisons to credit the time he served on

his state sentence against his federal sentence.  The district court denied the petition, holding that no

statute, treaty, or the Constitution required Brown's transfer to federal custody.  A panel of this Court

denied Brown a certificate of appealability when he sought to appeal this decision.  It now is binding

with respect to Brown's request for the same relief under § 2254.

Accordingly, we affirm the district court's decision.

---

[2]Moreover, the party with the authority to execute any remedy affecting Brown's federal custody is not even named as a respondent in this action and has not had the opportunity to respond to Brown's petition.