NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0227n.06

No. 18-1341

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 29, 2019
DEBORAH S. HUNT, Clerk

ROVELL HENDERSON, )
    Petitioner-Appellant, )
)
v. )
)
THOMAS WINN, Warden, )
    Respondent-Appellee. )

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

Before: MERRITT, KETHLEDGE, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge. Rovell Henderson pled guilty to second-degree murder in state court and agreed to a sentence of 30 to 60 years. He now seeks habeas relief because his counsel failed to advise him that his sentence was above the applicable guidelines range under Michigan law. We reject this argument and affirm.

Henderson fatally shot Ozie Bullock five times in the head while trying to steal marijuana from him. Police officers found Bullock's body in a sitting position on a couch; other details suggested that Bullock had been asleep when Henderson shot him. Henderson was thereafter charged with first-degree murder and felony murder, both of which carried a mandatory sentence of life without eligibility for parole. *See* Mich. Comp. Laws Ann. § 750.316(1).

Henderson's counsel, Lillian Diallo, asked the prosecutor for a deal in which Henderson could plead guilty to a lesser crime, and thus avoid a life sentence. Diallo met with the prosecutor four times and called him seven times, asking for a sentence of 10 to 15 years because Henderson was only 19 years old and allegedly could not read or write. But the prosecutor insisted that

Henderson agree to a sentence of 30 to 60 years. Henderson accepted that deal and pled guilty to second-degree murder.

At sentencing, Diallo asked the court to impose the sentence in the plea agreement. The court asked Diallo whether the presentence report correctly listed the applicable guidelines range for second-degree murder, which the report recited as 18.75 to 31.25 years. Diallo objected on grounds not relevant here, but eventually said that the guidelines range was correct. The prosecutor added that the guidelines range was immaterial because Henderson had agreed to a specific sentence in his plea deal. The court agreed and imposed the sentence in the plea agreement.

A few months later, Henderson moved to correct his presentence report, asserting that his guidelines range for second-degree murder was actually 15 to 25 years, not 18.75 to 31.25 years. He also moved to withdraw his plea, arguing among other things that Diallo had performed ineffectively because she failed to tell him the correct range before he agreed to the plea deal. The State conceded that the range listed in the presentence report was mistaken, but argued that the error had no effect on Henderson's plea or sentence. The court granted Henderson's motion to correct the report, but rejected Henderson's claim that Diallo had been ineffective.

Henderson applied for leave to appeal to the Michigan Court of Appeals, which summarily denied his application "for lack of merit in the grounds presented." The Michigan Supreme Court denied review. Henderson then petitioned for federal habeas relief, claiming that Diallo had provided ineffective assistance. The district court denied the petition.

We review that decision de novo. *See Mendoza v. Berghuis*, 544 F.3d 650, 652 (6th Cir. 2008). The Michigan Court of Appeals rejected Henderson's ineffective-assistance claim on the merits. Thus we may grant relief only if that decision was "contrary to, or involved an

-2-

unreasonable application of" clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

Henderson first argues that Diallo was ineffective because she failed to tell him that his sentence of 30 to 60 years was above his guidelines range for second-degree murder. The Michigan Court of Appeals rejected this argument without explanation, so we look instead to the explanation of the trial court. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). That court held that Diallo had not provided "faulty representation" because the guidelines had been "irrelevant" to Henderson's decision whether to accept the plea deal.

Henderson argues that the trial court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires two showings: that counsel's performance "fell below an objective standard of reasonableness[,]" and that counsel's error "prejudiced" his defense. *See id.* at 687. The question here is whether any "fairminded jurist[]" could agree with the state court's application of *Strickland*. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011).

The trial court based its decision on Diallo's testimony that Henderson's chief concern during plea negotiations had been to avoid a mandatory life sentence for first-degree or felony murder. According to Diallo, the evidence contradicted Henderson's allegation that he had killed Bullock during a struggle. Moreover, Henderson admitted that he had killed Bullock while Henderson was trying to steal marijuana, which made a conviction for felony murder especially likely. Given that evidence, Diallo explained, her goal was to obtain a deal that would allow Henderson to plead guilty to a charge without a mandatory life sentence, namely, second-degree murder. And given that the prosecutor insisted on a sentence of 30 to 60 years for that charge, Diallo did not think that the applicable guidelines range for the charge was relevant. Fairminded jurists could agree with the trial court that, under these circumstances, Diallo did not perform

deficiently by failing to tell Henderson about the range. *See Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

Henderson also argues that Diallo was ineffective because she did not object to the erroneous guidelines range in the presentence report. That argument fails for a similar reason as the last one: the mistake had no effect upon Henderson's sentence. The Michigan Court of Appeals therefore could have reasonably concluded that Diallo's failure to object did not prejudice Henderson. *See Warner v. United States*, 975 F.2d 1207, 1211-12 (6th Cir. 1992).

The district court's judgment is affirmed.