46 F.3d 1131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. ALEXANDER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2514.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1994.
 
 1
 Before: RYAN and SILER, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner, Robert L. Alexander, appeals a district court judgment denying his motion for new trial and his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Alexander is a physician who was convicted in 1988 of conspiracy and distribution of controlled substances. His conviction was affirmed on appeal. In his present motion to vacate, Alexander claimed he received ineffective assistance of counsel, arguing that: 1) his trial attorney should have, but did not, interpose an insanity defense; 2) his attorney did not raise mental illness in mitigation at sentencing; 3) his attorney's selection of defense witnesses was deficient; 4) his attorney was ineffective because of a conflict of interest; 5) his attorney did not object to an ex parte meeting between a prosecutor and the judge; and 6) his attorney did not object to the government's peremptory challenge of one or more black veniremen. In his motion for a new trial, Alexander claimed to have found newly discovered evidence concerning his alleged mental illness.
 
 
 4
 The district court conducted an evidentiary hearing and denied Alexander's motions to vacate and for new trial. In his timely appeal, Alexander reasserts his claims that defense counsel was ineffective. He also claims that a diagnosis of him as a manic-depressive with a bi-polar disorder made by prison physicians constitutes newly discovered evidence which entitles him to a new trial.
 
 
 5
 Upon review, we conclude that the district court properly denied Sec. 2255 relief in this case because Alexander has not established a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Timmreck, 441 U.S. 780, 783 (1979); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). The court reviews the denial of relief de novo, and employs clear error review of a district court's findings of fact. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993); Warner v. United States, 975 F.2d 1207, 1212 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993).
 
 
 6
 Counsel's performance was not constitutionally deficient. In order to establish ineffective assistance of counsel, Alexander must show that trial counsel's performance was deficient and that the deficient performance prejudiced the defense as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). Absent either element of proof, the claim fails. Id. at 689-90. For his claims enumerated one and two, Alexander argues that his attorney knew that he suffered from a manic depressive bi-polar mental illness and that defense counsel should have presented evidence of the illness at trial and at sentencing. However, Alexander produced no evidence that he was diagnosed or treated for a mental disease in 1982, when the crimes occurred. In addition, Alexander did not object to the presentence investigation report that said he suffered from no mental illness. Therefore, these claims fail the first Strickland prong. Defense counsel had no reason to suspect that Alexander was suffering from any serious mental disorder.
 
 
 7
 As his third claim, Alexander argues that defense counsel was ineffective because of counsel's choice of defense witnesses. The record reveals that counsel's decision with respect to witnesses was an exercise of reasonable professional judgment entitled to great deference. See Strickland, 466 U.S. at 989-90; accord United States v. Morrow, 977 F.2d 222, 229-30 (6th Cir.1992) (en banc), cert. denied, 113 S.Ct. 2969 (1993). Moreover, Alexander does not show that there is a reasonable probability that, but for counsel's alleged unprofessional error, the result of his trial would have been different. Thus, he fails the prejudice prong of Strickland.
 
 
 8
 Alexander's fourth claim is likewise meritless. Alexander claimed that a conflict of interest arose after his original mistrial when he and his attorney were jointly charged with obstruction of justice. However, before the second trial, Alexander expressly insisted on defense counsel's continued representation. In addition, the obstruction of justice charge was resolved in the defendant's favor before the second trial. Therefore, a conflict of interest did not exist at the time of trial and Alexander waived his right to object on this ground by expressly insisting on defense counsel's representation. Cf. United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984) (failure to object when obviously aware of the circumstance giving rise to an objection waives the objection).
 
 
 9
 Alexander's fifth claim is also meritless. Alexander claimed that an ex parte conference with the prosecutor biased the district judge and that his attorney should have moved for the judge's recusal. Alexander, however, cannot show the slightest manifestation of judicial bias. Without some inference of bias, defense counsel could not be expected to move for recusal. Therefore, Alexander cannot satisfy the performance prong of Strickland. Alexander also makes no showing whatever that there is a reasonable probability that had defense counsel moved for the judge's recusal that the result of the proceeding would have been different; and thus, Alexander cannot satisfy the prejudice prong of the Strickland test. Moreover, this court must evaluate the reasonableness of defense counsel's performance within the context of the circumstances at the time of the alleged error. Strickland, 466 U.S. at 690. In this case the conference was held as a result of the court's participation in the criminal trial, and the information learned at the conference was information that the court soon learned in greater detail in the presence of Alexander and defense counsel. Based upon these circumstances, defense counsel made a reasonable decision that a recusal motion was unnecessary. See Liteky v. United States, 114 S.Ct. 1147, 1157 (1994); Sims v. Livesay, 970 F.2d 1575, 1579-81 (6th Cir.1992).
 
 
 10
 Alexander's sixth claim is completely unsupported. Alexander claimed that the prosecution improperly excluded blacks from the jury in violation of Batson v. Kentucky, 476 U.S. 79, 88-89 (1986). However, Alexander makes no showing that specific black veniremen were stricken on peremptory challenge, and neither defense counsel nor the district judge could recall the race of the stricken veniremen. Moreover, defense counsel testified that he and Alexander were satisfied with the composition of the jury. In short, there is no indication that the elements of a prima facie case of race discrimination ever existed, see Georgia v. McCollum, 112 S.Ct. 2348, 2359 (1992), or that counsel's performance was deficient because he did not object.
 
 
 11
 Finally, Alexander's claim that he is entitled to a new trial based on newly discovered evidence is meritless. In his motion for new trial, Alexander claimed that he first discovered that he should have raised an insanity defense only after he had undergone two and a half months of psychotherapy in prison. It was then that he recalled that he had been diagnosed and treated for a manic-depressive syndrome in the 1970's. Based upon his newly discovered realization of a mental illness, Alexander moved for a new trial. The district court concluded that Alexander's motion was not based on evidence which was discovered only after trial or which could not have been discovered earlier in the exercise of due diligence. The district court's conclusion is not clearly erroneous. See United States v. Christian, 786 F.2d 203, 210 (6th Cir.1986).
 
 
 12
 Accordingly, the district court's judgment denying the motion for new trial and motion to vacate filed pursuant to 28 U.S.C. Sec. 2255 is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation