42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Manuel VALDES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3614.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1994.
 
 1
 Before: KEITH and NELSON, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 Manuel Valdes, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Valdes was indicted in 1988 on one count of possessing with intent to distribute 500 grams or more of cocaine, and one count of distributing cocaine. He failed to appear at a hearing and fled the court's jurisdiction, reappearing approximately one year later upon his arrest by state authorities on a separate charge. On January 3, 1990, the government filed an information pursuant to 21 U.S.C. Sec. 851, stating its intention to seek a sentence enhancement under 21 U.S.C. Sec. 841(b) based upon a 1986 state drug conviction. Valdes pleaded guilty on September 27, 1990, to count one of the indictment; in return, count two and a separate indictment charging failure to appear were dismissed. The district court sentenced Valdes on October 22, 1990, to the statutory minimum of 120 months in prison, and eight years of supervised release. No direct appeal was taken.
 
 
 4
 In his motion to vacate, Valdes presented the sole issue of ineffective assistance of counsel, based upon three supporting allegations: (1) counsel failed to object to the sentence enhancement where the government did not file a Sec. 851 notice, (2) counsel failed to request a two-level reduction in offense level for acceptance of responsibility, and (3) counsel failed to appeal his sentence as requested.
 
 
 5
 The district court denied Valdes's motion in a memorandum opinion and order filed on February 2, 1994, finding that Valdes had failed to establish ineffective assistance of counsel under any of his three supporting bases. On appeal, Valdes argues that the district court did not apply the appropriate standard to determine whether his right to effective assistance of counsel had been violated, specifically on the ground that he was entitled to the sentence reduction for acceptance of responsibility.
 
 
 6
 Upon review, we affirm the district court's order because Valdes has not established a fundamental defect in his proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 7
 To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984); Sims v. Livesay, 970 F.2d 1575, 1579-81 (6th Cir.1992). In a guilty plea context, while the performance prong of the Strickland test remains the same, to establish prejudice the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); accord Warner v. United States, 975 F.2d 1207, 1214 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993). A reviewing court's scrutiny of counsel's performance is highly deferential. Strickland, 466 U.S. at 689.
 
 
 8
 Contrary to Valdes's assertion on appeal, the district court properly applied the Strickland standard in reviewing his motion to vacate and did not err in its conclusion.
 
 
 9
 Valdes's supporting bases for his ineffective assistance of counsel claim relating to counsel's failure to object to his sentence based upon the government's alleged non-filing of a Sec. 851 notice, and counsel's failure to appeal his sentence are not raised on appeal; therefore, they are considered abandoned and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). In his appellate brief, Valdes raises only counsel's failure to request a USSG Sec. 3E1.1 reduction in offense level for acceptance of responsibility. This argument fails to satisfy the Strickland test.
 
 
 10
 The mere fact that a defendant has entered a guilty plea does not entitle him to an acceptance of responsibility reduction. United States v. Meacham, 27 F.3d 214, 218 (6th Cir.1994). In light of Valdes's year-long flight from justice, it is almost certain that such a request would have been denied by the district court. See United States v. Williams, 940 F.2d 176, 183 (6th Cir.), cert. denied, 112 S.Ct. 666 (1991). Moreover, at no time before either the district court or this court has Valdes claimed that, were it not for counsel's performance on this issue, he would not have pleaded guilty but would have insisted on going to trial. See Hill, 474 U.S. at 59. Thus, no prejudice has been demonstrated.
 
 
 11
 Accordingly, the district court's order, entered on February 3, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation