64 F.3d 662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry D. COTHAM, Petitioner-Appellant,
v.
Howard CARLTON, Warden, Respondent-Appellee.
 No. 94-6003.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1995.
 
 Before: JONES and NORRIS, Circuit Judges, and DOWD, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner Larry Cotham is appealing the dismissal of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. For the reasons stated herein, we affirm the decision of the district court dismissing the petition.
 
 I.
 
 2
 In 1985 Cotham was indicted for aggravated rape in Tennessee. At trial, Cotham admitted having sexual intercourse with thirteen-year-old Rhonda Hensley but said that he had not raped her because Hensley had willingly had intercourse with him. Hensley testified that she had not willingly participated, and that as a result of the rape she sustained bruises on her legs, inner thigh, and arms, and had abdominal pains for sometime thereafter. Dr. Virenda Anand, the physician who examined Hensley after the incident, testified regarding his examination of the victim, which included his observation of a bruise on Hensley's left inner thigh.
 
 
 3
 On February 20, 1986 the jury found Cotham guilty of aggravated rape, and on March 8, 1986, Cotham was sentenced to twenty years imprisonment. Cotham is currently on parole. J.A. at 146.
 
 
 4
 After trial, Cotham retained a new lawyer, Jerry Colley, who filed a Motion for a New Trial on April 5, 1986. Cotham moved for a new trial on the ground that Joel Kachinsky, Cotham's appointed trial counsel, had rendered ineffective assistance as counsel. The state court held a hearing on July 12, 1986 and on February 13, 1987, during which Kachinsky testified that he told Cotham that he would not continue to represent him in the case if Cotham did not take the stand. J.A. at 130.
 
 
 5
 On February 23, 1987, the state court denied Cotham a new trial. The next day, Cotham appealed this decision to the Tennessee Court of Criminal Appeals. Cotham also petitioned for state habeas corpus relief to the state trial court, but that court denied the petition on March 31, 1987, on the ground that Cotham had failed to exhaust his state remedies.
 
 
 6
 On March 18, 1988, the Tennessee Court of Criminal Appeals affirmed Cotham's conviction. Cotham sought permission to appeal to the Tennessee Supreme Court, but that court denied the application on May 31, 1988.
 
 
 7
 Cotham, acting pro se, then petitioned for post-conviction relief in the state trial court on June 10, 1988. That court denied the petition on July 22, 1988, and Cotham appealed this denial to the Tennessee Court of Criminal Appeals. In an opinion filed June 7, 1989, that court found that Cotham was entitled to an evidentiary hearing on the two issues before that court,[1] and reversed and remanded the case to the trial court.
 
 
 8
 On November 6, 1990, the evidentiary hearing yet to be held, Cotham, via new counsel John Henderson, amended his petition for post-conviction relief alleging four new grounds for relief.[2] (Addendum 7 of the original record). On November 12, 1990, the state trial court denied Cotham's petition for post-conviction relief. Cotham appealed this determination on November 16, 1990.
 
 
 9
 On December 20, 1990, Cotham, acting pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254, claiming that he had been denied effective assistance of counsel, that there was insufficient evidence to support his conviction, that there was newly discovered evidence of prosecutorial misconduct, and that defense counsel had coerced Cotham's self-incrimination. On May 29, 1992, Cotham's counsel from the Federal Public Defender's Office filed an amended petition. Ultimately the district court dismissed the petition on July 14, 1994. Cotham now seeks relief from that dismissal.
 
 II.
 
 10
 Cotham argues that he was denied his Fifth Amendment privilege against self-incrimination because trial counsel threatened to withdraw representation unless Cotham testified, thus coercing his trial testimony. Cotham concedes that the Tennessee Court of Criminal Appeals made a factual finding that Cotham testified at trial voluntarily. As explained by the Supreme Court in Marshall v. Lonberger, 459 U.S. 422 (1983), under 28 U.S.C. Sec. 2254(d) this court must presume the factual findings of the state court in this written opinion to be correct unless "on a consideration of such part of the record as a whole [this court] concludes that such factual determination is not fairly supported by the record." 28 U.S.C. Sec. 2254(d)(8) (1988); see 459 U.S. at 432-33. Factual findings of the district court may be overturned on appeal only if they are clearly erroneous. Warner v. United States, 975 F.2d 1207, 1212 (6th Cir. 1992), cert. denied, 113 S. Ct. 1314 (1993); McCall v. Dutton, 863 F.2d 454, 459 (6th Cir. 1988), cert. denied, 490 U.S. 1020 (1989). Legal conclusions of the district court are reviewed de novo. Sims v. Livesay, 970 F.2d 1575, 1579 (6th Cir. 1992).
 
 
 11
 Upon review, we conclude that the record provides no basis for allowing this court to find error in the state court's determination that Cotham testified voluntarily. Cf. United States v. Wagner, 834 F.2d 1474, 1483 (9th Cir. 1987) (holding that defendant's claim that he was forced to testify in violation of his privilege against self-incrimination because his counsel called no lay witnesses nor presented expert testimony was not compulsion, but was "strategic choice to maximize his chances of success at trial"), cert. denied, 114 S. Ct. 1110 (1994).
 
 
 12
 Cotham also argues that he was denied effective assistance of counsel because trial counsel threatened to withdraw representation unless Cotham testified at trial. Because the fact has been established that Cotham testified voluntarily, to the extent that Cotham's claim of ineffective assistance of counsel relies on the argument that counsel was ineffective because he compelled Cotham to testify, it is without merit.
 
 
 13
 Furthermore, to the extent that Cotham's ineffective assistance of counsel claim could be construed as arguing that Kachinsky should not have advised Cotham to testify because it was advice based on inadequate factual investigation, the claim still fails. The record indicates that Cotham had informed Kachinsky that he engaged in sexual intercourse with Rhonda Hensley, but that she had willingly participated. As such, Kachinsky reasonably viewed consent to sexual conduct as an appropriate defense and his decision to encourage Cotham to testify is nothing more than "trial strategy." See Strickland v. Washington, 466 U.S. 668, 689 (1984). Consequently, Kachinsky's tactics do not amount to ineffective assistance. See id. at 700 (holding that "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim").
 
 
 14
 Lastly Cotham argues that the district court improperly concluded that his ineffective assistance of counsel claim, based on the alleged failure of trial counsel to investigate and contact Nurse Rita Beasley, was subject to procedural default. Cotham claims that if trial counsel had conducted a proper investigation he would have interviewed Nurse Beasley, who is allegedly the nurse who participated in the physical examination of Rhonda Hensley on the night of the rape. Presumably, he would have learned that Nurse Beasley would have testified that the bruise on Hensley's thigh, allegedly resulting from the rape, was yellow in color and old, and thus could not have resulted from the rape. Cotham Br. at 22. Cotham claims that the bruise was the only evidence of bodily injury, and that Nurse Beasley's testimony would have negated this element of aggravated rape.[3]
 
 
 15
 The record reveals that Cotham did not raise the issue of Nurse Beasley in state court, but instead first raised the issue in his amended federal habeas petition filed on May 29, 1992. Furthermore, under Tennessee Code Annotated Sec. 40-30-102[4] and Burford v. State, 845 S.W.2d 204, 209 (Tenn. 1992), Cotham was required to file all post-conviction claims within three years after the highest state appellate court's decision affirming the original judgment was rendered, absent a showing of fundamental unfairness. The Tennessee Supreme Court denied Cotham's request to appeal his conviction on May 31, 1988. Consequently, Cotham can no longer raise this issue of Nurse Beasley's alleged testimony in state court.
 
 
 16
 The district court correctly determined that Cotham's failure to raise this issue in state court raises a procedural bar to federal court review of the merits of this issue. Under the Supreme Court's holding in Teague v. Lane, 489 U.S. 288 (1989) procedural default analysis is appropriate here. See Teague, 489 U.S. at 299 (applying procedural default rule to claim raised by petitioner in his federal habeas proceeding which petitioner never raised in state courts). Applying the approach of the Supreme Court in Teague, we find that Cotham can not raise his claim regarding Nurse Beasley unless he can show cause for the failure to raise the claim in state court and prejudice therefrom. See Teague, 489 U.S. at 298; Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986). Cotham has failed to provide any explanation for why he did not raise this issue in state court. Consequently, his claim is procedurally barred. See Teague, 489 U.S. at 298.[5]
 
 III.
 
 17
 For the foregoing reasons, we affirm the decision of the district court. The petition is dismissed.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 The two issues before the court at that time were "whether the allegation of a juror's failure to reveal his relationship to the victim of the crime denied the appellant a constitutionally formed jury, and whether the allegation of incompetency of counsel on the direct appeal of this conviction entitles the appellant to an evidentiary hearing." (Addendum 5 of the original record) (emphasis added). Thus, in part, Cotham was now claiming that Colley had provided ineffective assistance of counsel
 
 
 [2]
 These four "new" grounds for relief were the following: (1) the State of Tennessee knew or should have known that the victim had sex shortly before and shortly after the alleged aggravated rape by Cotham, and thus withheld potentially exculpatory evidence; (2) trial counsel was ineffective in failing to obtain the above described information; (3) appellate counsel was ineffective in failing to use such information on appeal; and (4) the above described is newly discovered evidence that should be admissible at Cotham's post-conviction relief hearing
 
 
 [3]
 The elements of aggravated rape as relevant to this case are (1) "unlawful sexual penetration of a victim by the defendant ... accompanied by ... the following circumstance[] ... (2) [t]he defendant causes bodily injury to the victim." Tenn. Code Ann. Sec. 39-13-502 (1991 & Supp. 1994)
 
 
 [4]
 This section states that "[a] prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred. Tenn. Code Ann. Sec. 40-30-102 (1990)
 
 
 [5]
 Furthermore, fundamental fairness does not require that this procedural default be overlooked. Cotham claims that he is "offense-innocent" because Nurse Beasley's testimony would have negated the "bodilyinjury" element necessary to convict him of aggravated rape. It is not at all clear that Nurse Beasley's alleged testimony would have the powerful effect Cotham argues. First, the alleged testimony would be subject to a credibility determination. Second, a review of the record clearly reveals that Hensley testified that she had pain in her lower abdomen for over two months after the incident, and that she had suffered other bruises on her legs and arms. See Transcript of Evidence, pp. 38-39, in original record. Dr. Anand also recalled that Hensley had been hospitalized again after the rape for abdominal pains. Id. at 100-01. Under Tennessee law, "'[b]odilyinjury' includes a cut, abrasion, bruise, burn or disfigurement; physical pain or temporary illness or impairment of the function of a bodily member, organ, or mental faculty." Tenn. Code Ann. Sec.39-11-106(a)(2) (1991). As such, the testimony of Hensley and Dr. Anand supported a finding of "bodilyinjury" under Tennessee law even when disregarding the evidence of the bruise on Hensley's thigh. See State v. Smith, 891 S.W.2d 922, 927-28 (Tenn. Crim. App. 1994) (holding that "bodily injury" element of aggravated rape conviction established where evidence showed that victim suffered physical pain from weight of assailant on her chest and from penetration)